OPINION
{¶ 1} Respondent-appellant Fritz Rector ("father") appeals the September 29, 2004 Judgment Entry entered by the Licking County Court of Common Pleas, Probate Division, which determined his consent to the stepparent adoption of his minor children was not necessary because he failed without justifiable cause to communicate with the children for a period of at least one year immediately preceding the filing of the adoption petitions. Petitioner-appellee is Steven D. Corl, stepfather of the minor children.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 10, 2004, appellee filed stepparent adoption petitions in the Licking County Court of Common Pleas, Probate Division, seeking to adopt his stepchildren, Kevin Rector and Samuel Rector, and to have the names of the minors changed to Kevin Corl and Samuel Corl. Appellee averred father's consent to the adoption was not required as father failed without justifiable cause to communicate with the minors for a period of at least one year immediately preceding the filing of the adoption petitions, and also failed without justifiable cause to provide for the maintenance and support of the minors for a period of at least one year immediately preceding filing of the adoption petitions. The trial court scheduled the matter for evidentiary hearing on August 10, 2004. Appellee subsequently filed an amended petition for adoption, deleting father's failure to support as a ground for finding father's consent unnecessary. The day before the scheduled hearing, father filed a combined motion to dismiss appellee's petitions/motion to compel discovery/request for a continuance. The trial court conducted the hearing as scheduled.
 {¶ 3} At the hearing, the parties stipulated father had not communicated with the minor children for one year immediately preceding the filing of the adoption petitions. However, father asserted "justifiable cause" existed for his not communicating.
 {¶ 4} In May, 1998, father and Mary Ann Rector, the mother of the children, were granted a divorce. Mother was granted custody of the children, and father was granted visitation pursuant to Loc. R. 19. The Licking County Court of Common Pleas, Domestic Relations Division, issued a domestic violence civil protection order on November 16, 1998, which named mother as the sole protected person. This CPO was in effect for a period of five years, ending November 16, 2003. Father's visitation with the children was not suspended by the CPO. Father acknowledged at the hearing he had exercised visitation with the children during the first several months following the issuance of the CPO. Subsequently, father made no attempts to communicate with or visit the children. Father admitted, following the expiration of the CPO on November 16, 2003, until December 10, 2003, he made no attempts to communicate with the children.
 {¶ 5} On December 10, 2003, the Licking County Court of Common Pleas, Domestic Relations Division, issued an ex parte CPO, effective until December 17, 2003. On December 17, 2003, following a full hearing, the domestic relations court issued a new CPO. In addition to mother, both minor children were listed as protected persons. Pursuant to the order, father's visitation with the children was suspended. Father testified he was incarcerated in the Licking County Justice Center for nonpayment of child support throughout the dates between the ex parte CPO and the filing of the petitions for adoption.
 {¶ 6} Via Judgment Entry filed September 29, 2004, the trial court denied father's motion to dismiss and compel discovery. The trial court found father's consent was not necessary for appellee to adopt the children as father failed without justifiable cause to communicate with the boys.
 {¶ 7} It is from this judgment entry father appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred and/or abused its discretion in ruling that appellant's consent was not necessary.
 {¶ 9} "II. The trial court erred and/or abused its discretion in denying appellant's motion to dismiss (and/or by failing to specifically rule on appellant's motion to compel and continue, which constitutes a denial)."
 I {¶ 10} In his first assignment of error, father maintains the trial court erred and abused its discretion in finding he had failed without justifiable cause to communicate with the children for a period of one year preceding the filing of the adoption petitions.
 {¶ 11} R.C. 3107.07 reads, in pertinent part:
 {¶ 12} "Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 13} Pursuant to this statute, a petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) the natural parent failed to communicate with the child for the requisite one-year period, and (2) that this failure was without justifiable cause. In ReAdoption of Bovett (1987), 33 Ohio St.3d 102, syllabus para. 1. A probate court's determination under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In Re Adoption of Masa (1986), 23 Ohio St.3d 163, syllabus para. 2; Bovett at syllabus para. 4. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
 {¶ 14} Although father argues he was unable to communicate with the children due to the issuance of the two CPOs, a review of the record belies such assertion. The first CPO, which was issued in November, 1998, only protected mother. Father's visitation with the children was not effected. In fact, father actually continued to visit the children subsequent to the issuance of the CPO. At some point, father terminated visitation. Father offered no explanation for doing so. Assuming, arguendo, father was justified in failing to communicate with the children during the effective dates of the first CPO, we find father made no attempts to communicate with the children between November, 2003, and December, 2003, when nothing prevented him from doing so. Furthermore, any failure to communicate subsequent to the issuance of the December 17, 2003 CPO is not justified because it was appellant's actions which cause that CPO to be issued. "Under R.C. 3107.07(A), the probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the child for that period as a whole (and not just a portion thereof) was without justifiable cause." Bovett,supra at syllabus para. 3. (Emphasis in original). We find no reason to make a distinction between failure to support and failure to communicate. Accordingly, we find the trial court's determination father's failure to communicate was without justifiable cause is not against the manifest weight of the evidence.
 {¶ 15} Father's first assignment of error is overruled.
 II {¶ 16} In his second assignment, father contends the trial court erred and/or abused its discretion in denying his motion to dismiss motion to compel/request for continuance.
 {¶ 17} A trial court's ruling on a motion to dismiss, a motion to compel or a motion for a continuance will not be disturbed absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 18} Father filed his combined motion to dismiss/motion to compel/request for continuance on August 9, 2004, the day before the scheduled hearing. Because such filing was in violation of Civ. R. 6(D), we find the trial court did not abuse its discretion in denying said motions.
 {¶ 19} Father's second assignment of error is overruled.
 {¶ 20} The judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellant.