IN RE APPLICATION OF STEINHELFER.

[Cite as *In re Application of Steinhelfer,*
142 Ohio St.3d 120, 2015-Ohio-978.]

(No. 2014–1532—Submitted January 14, 2015—Decided March 19, 2015.)

———————

**Per Curiam.**

{¶ 1} Timothy Michael Steinhelfer of Bellefontaine, Ohio, has applied to register as a candidate for admission to the Ohio bar and to take the Ohio bar examination. The Board of Commissioners on Character and Fitness recommends that we disapprove his application but allow him to apply to take the February 2016 bar examination. No objections have been filed to the board's report, and upon our review of the record, we accept the board's recommendation.

## Summary of the proceedings

{¶ 2} Steinhelfer began attending the Chicago–Kent College of Law in Chicago, Illinois, in 2007 and filed his application to register as a candidate for admission to the Ohio bar in August 2010. In May 2011, the admissions committee of the Logan County Bar Association conducted a character-and-fitness interview. Because the committee was later informed that Steinhelfer did not intend to take the bar examination, it did not create a report of its character-and-fitness investigation. Nonetheless, the committee had concerns about issues disclosed in Steinhelfer's application and interview, including a prior arrest, credit-card debt, and uncertainty regarding his law-school graduation. Steinhelfer told the interviewers that he had not yet graduated because of a disagreement with a professor. Steinhelfer failed to mention, however, that he left Chicago–Kent College of Law in May 2010—a full year before the interview—and that he had not graduated because he failed to complete requirements in three courses, not simply because of a dispute with one professor.

{¶ 3} After leaving law school in May 2010, Steinhelfer returned to Ohio, his state of residence. In June 2011, he was charged with operating a vehicle while under the influence of alcohol or drugs, leaving the scene of an accident, failure to control his vehicle, and other offenses after hitting another car. In an agreement with the prosecutor, he pled no contest to reckless operation, a fourth-degree misdemeanor. He was also sued in two cases relating to credit-card debt that he had accrued during law school, and he was terminated from an employment position. In May 2012, he was hospitalized and diagnosed with alcohol dependency and a severe mental disorder. He later commenced treatment for both conditions, including taking medication, attending counseling, attending a 12–step program, and abstaining from alcohol. By December 2012, he had completed his outstanding course work and graduated from Chicago–Kent.

{¶ 4} As he was finishing his course work, Steinhelfer applied to take the February 2013 bar examination. In January 2013, the admissions committee from the Logan County Bar Association conducted a second character-and-fitness interview. Upon completing its investigation, the committee disapproved his application, concluding that an insufficient amount of treatment time had passed since his mental-disorder diagnosis. In March 2013, Steinhelfer appealed the

committee's decision, and a three-member panel of the board held a hearing on his appeal.[1]

{¶ 5} At the hearing, Steinhelfer testified that he had been sober for two years and regularly attended Alcoholics Anonymous ("AA") meetings, that his mental disorder had stabilized due to his doctor's care and a medication regimen, and that in 2013 he had entered into a five-year contract with the Ohio Lawyers Assistance Program ("OLAP"). A psychologist testified that Steinhelfer's mental disorder was under control and that as long as he follows specific treatment recommendations, he should be able to function as an attorney. In addition, Steinhelfer's employer testified that he had excellent reasoning and analytical skills.

{¶ 6} The panel, however, also heard testimony calling into question Steinhelfer's candor throughout the application process. For example, a committee member testified—and Steinhelfer also acknowledged—that he had not been forthcoming at his first character-and-fitness interview about why he had not graduated from law school. Steinhelfer also belatedly disclosed that he had been terminated from a judge's election campaign for unprofessional conduct while canvassing door-to-door. And he acknowledged that he had failed to comply with some of the requirements of his OLAP contract. For instance, within months of signing the contract, he stopped providing OLAP with the required documentation verifying his attendance at AA meetings. He evidently attended the meetings, but was embarrassed to obtain verification in front of the other participants. Also, his contract requires him to call OLAP three times a week, but five months after signing the agreement, he started making the calls only sporadically. He claimed at the hearing that he had forgotten about that contract term.

{¶ 7} Finally, Steinhelfer informed the panel that he had been receiving Social Security disability benefits because of his mental disorder. Upon the request of the panel, he agreed to submit a copy of his application and supporting materials for those benefits, but he later tendered only the Social Security Administration's summary of his application. The panel expressed concern about the document he provided because it did not include a certification from a treating physician, which was information that the panel expected to be in his application. Further, the document revealed that Steinhelfer had previously used a different name, a fact that the panel was unaware of.

---

1. While his appeal was pending, Steinhelfer also filed applications to take the July 2013, February 2014, and July 2014 bar examinations, although he was notified that he was not permitted to sit for the examination until the office of bar admissions received final approval of his character and fitness.

## The board's recommendation

{¶ 8} Similar to the committee, the board questions whether sufficient treatment time has elapsed since stabilization of Steinhelfer's mental disorder. The board concludes, however, that it is unnecessary to answer that question because the "more serious concern is his lack of candor and his failure to make full disclosure on several issues" throughout the application process. Specifically, the board found that Steinhelfer (1) failed to explain his law-school status at his first character-and-fitness interview, (2) failed to previously disclose his termination from a judicial campaign for inappropriate behavior, (3) failed to previously disclose that he had been receiving disability benefits, and (4) failed to submit all the documents that had been requested by the panel. The board also finds that his "willful non-compliance" with his OLAP contract demonstrates a "current lack of character." Accordingly, the board recommends that we disapprove his current application but permit him to apply to take the February 2016 bar examination, provided that he starts the entire bar-application process anew.

## Disposition

{¶ 9} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 10} In determining whether the record demonstrates such a deficiency, we consider a number of factors, including an applicant's "[f]ailure to provide complete and accurate information concerning the applicant's past" and "[f]alse statements, including omissions," during the application process. Gov.Bar R. I(11)(D)(3)(g) and (h). Here, the evidence demonstrates that since filing his application to register as a candidate in 2010, Steinhelfer has made some positive changes in his life. However, he was not forthcoming regarding several issues, and he willfully failed to comply with the terms of his OLAP contract. We therefore agree with the board that Steinhelfer has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

{¶ 11} Accordingly, Steinhelfer's pending application to take the bar exam is disapproved. He may apply to take the February 2016 or a later bar examination, provided that he submits a new application to register as a candidate for admission to the practice of law and a new application to take the bar examination. Upon reapplication, he must undergo a complete character-and-fitness

124

investigation to determine whether he possesses the requisite qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, and would allow respondent to apply for the July 2016 bar examination.

Bruce Comly French, for applicant.

Smith, Smith, Montgomery & Chamberlain, and J. MacAlpine Smith, for Logan County Bar Association.