[Cite as *In re Adoption of I.M.M.*, 2016-Ohio-5891.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

    THE ADOPTION OF

    I.M.M.

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 16 COA 018

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 20155024 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 19, 2016 |

APPEARANCES:

For Plaintiff-Appellant

ERIC COFFMAN, PRO SE
RICHLAND CORR. INSTITUTION
1001 Olivesburg Road
Post Office Box 8107
Mansfield, Ohio 44901

For Defendant-Appellee

ANDREW N. BUSH
46 West Main Street
Ashland, Ohio 44805

*Wise, J.*

**{¶1}** Appellant-Father Eric Coffman appeals the decision of the Ashland County Court of Common Pleas, Probate Division, which granted Appellee Timothy R. Mack's petition for adoption of I.M.M.

**{¶2}** This appeal is expedited and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follows:

### STATEMENT OF THE FACTS AND CASE

**{¶3}** Brianna Mack, the mother of minor child I.M.M. (d.o.b. 12/15/2010), is married to Appellee Timothy R. Mack. The child's biological father is Appellant Eric D. Coffman, who is currently incarcerated.

**{¶4}** On December 16, 2015, Appellee filed a petition for adoption of I.M.M. in the Ashland County Probate Court. Appellee alleged in his petition that the consent of Appellant was not required for the adoption because Appellant had failed without justifiable cause to have more than *de-minimis* contact with the child in the year leading up to the filing of the petition.

**{¶5}** On February 16, 2016, the Probate Court held a hearing on that petition.

**{¶6}** Appellant was transported back to the Ashland County Probate Court from prison for the hearing and did meaningfully participate in the hearing.

**{¶7}** The evidence at the hearing established that Appellant had been incarcerated on and off for the bulk of the child's life. Some of the charges for which Appellant has been incarcerated stemmed from violent acts perpetrated against the child's mother. Prior to Appellant's release from prison in 2013, the mother of the child sought and was granted a protection order against Appellant with both the mother and

the subject child being protected parties. The mother sought to have that protection order dismissed in October, 2013, but that request was denied. It is undisputed that the Appellant was the subject of a protection order for the year leading up to the filing of the petition for adoption.

{¶8} Appellant is now in the early stages of a five-year prison sentence based on violent acts perpetrated against another victim.

{¶9} Leading up to the filing of the petition for adoption, there was an encounter with Appellant and the child at Wal-Mart which was brief and occurred by accident. This encounter took place in April, 2014, over a year before the filing of the adoption petition.

{¶10} Appellant also testified that he gave his sister presents and a card to give to the child in December, 2014. Those items were actually given by his sister to the child's mother, and she testified that she did not provide the items to the child.

{¶11} The evidence lastly established that Appellee Timothy Mack is married to the child's mother, and there are other children in the home. Both Appellee and the mother are employed.

{¶12} On April 28, 2016, the Probate Court granted the petition for adoption finding, among other things, that Appellant's consent was not required.

{¶13} Appellant timely filed a notice of appeal and herein raises the following Assignments of Error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. THE TRIAL COURT ERRED IN THAT IT DENIED APPOINTMENT OF COUNSEL TO APPELLANT DURING PROCEEDINGS.

{¶15} "II. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT JUSTIFIED IN HAVING NO CONTACT WITH HIS SON DUE TO THE NO CONTACT ORDER IN PLACE."

**I.**

{¶16} In his First Assignment of Error, Appellant argues that the trial court erred in not appointing counsel to represent him in the trial court proceedings. We disagree.

{¶17} With regard to the appointment of counsel as a procedural safeguard, the United States Supreme Court has determined that there is no constitutional right to counsel in proceedings to terminate parental rights. *Lassiter v. Dept. of Social Services of Durham Cty., N.C.,* 452 U.S. 18, 24–25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981) In the context of adoption, courts have held that there is no right to the appointment of counsel. *In re Adoption of Drake,* 12th Dist., Clermont County No. CA2002–08–067, 2003-Ohio-510; *In re Adoption of A.N.B.*, 12 Dist., Preble County CA2012-12-017, 2013-Ohio-2055

{¶18} In other situations where a parent was incarcerated, in lieu of appointing counsel or transporting the incarcerated parent to a hearing, other, less-burdensome procedural safeguards have been used to protect parental rights in termination proceedings. *See e.g. In the Interest of L.V.,* 240 Neb. 404, 482 N.W.2d 250, 258 (citing several methods of providing due process). For example, the use of depositions has been used as a means to satisfy due process in certain situations. *In re Lisbon,* 5th Dist. No. 2003CA00318, 2004–Ohio–126 (court issued entry permitting incarcerated mother's testimony to be secured by deposition and/or any alternate method available to the parties). Likewise, the use of affidavits is available to protect a parent's right to be heard.

*See In re adoption of Rogers,* 11th Dist. No. 2002–T–0171, 2003–Ohio–1424. Telephonic participation is another alternative that requires less governmental burden while affording a measure of due process to a parent. *See In re A.M.,* 2012–ME 118, 55 A.3d 463, ¶ 22 (listing alternate means an incarcerated parent may use to participate in hearing).

**{¶19}** In the case *sub judice*, Appellant was actually transported from the prison, was present at the hearing and was able to meaningfully participate in same. We therefore find that Appellant was not denied his due process rights.

**{¶20}** Based on the foregoing, we do not find that the trial court erred in not appointing counsel for Appellant in this matter.

**{¶21}** Appellant's First Assignment of Error is overruled.

## II.

**{¶22}** In his Second Assignment of Error, Appellant argues that the trial court erred in determining that he failed without justifiable cause to provide more than *de minimis* contact with the child for one year prior to the filing of the step-parent adoption petition based on a violation of R.C. 3109.051(G)(1).  We disagree.

**{¶23}** R.C. §3107.07 governs when consent to adoption is not required. Subsection (A) states consent is not required when:

**{¶24}** "A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶25}   The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d. 21, 345 N.E.2d 608.

{¶26} The petitioner for adoption has the burden of proving by clear and convincing evidence that the natural parent has failed to provide support or maintain more than *de minimis* contact with the child for at least a one-year period prior to the filing of the petition, and also must prove the failure was without justifiable cause. *In Re: Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919. If the petitioner meets his burden of proof, then the natural parent has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child. However, the burden of proof never shifts from the petitioner. *Id.*

{¶27}   In *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, the Ohio Supreme Court explained that clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross,* syllabus by the court, paragraph three.

**{¶28}** An appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

**{¶29}** Justifiable cause has been found to exist if the custodial parent significantly interferes with or discourages communication between the natural parent and the child. *In Re: Adoption of: Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613. A probate court may examine any preceding events that may have a bearing on the parent's failure to communicate with the child, and the court is not restricted to focusing solely on events occurring during the statutory one-year period. *In re: Adoption of Lauck* (1992), 82 Ohio App.3d 348, 612 N.E.2d 459.

**{¶30}** The trial court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.

**{¶31}** In its Opinion and Judgment Entry, the trial court found by clear and convincing evidence that Appellant "failed without just cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the Adoption Petition."

**{¶32}** Appellant maintains that his consent to the adoption was required because 1) he did have contact with the child within the one year immediately preceding the filing of the petition; and, 2) his inability to have more than *de minimis* contact with the child was justified because a protection order prevented him from having contact with I.M.M.

**{¶33}** Initially we note that Appellant has failed to file a transcript in accordance with App.R. 9(B). Pursuant to App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." Staff Notes to App.R. 9 state "a transcript is required for the record on appeal * * * For parties who cannot afford to have a transcript prepared, existing case law authorizes the use of a statement of proceedings under App.R. 9(C)." 2011 Staff Note, Appellate Rule 9. Here, appellant did not file a transcript or an App.R. 9(C) statement of proceedings of the hearing held on the petition for adoption. When portions of the transcript or statement of proceedings necessary for resolution of the assigned error are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice to presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶34}** With regard to the contact that Appellant claims he did have with his child, the trial court found that the encounter at Wal-Mart was de minimis as same was accidental and brief and further that same occurred prior to the one-year period. As to the birthday gift/card which Appellant gave to his sister to give to I.M.M., the trial court found that the timeframe of same was not clearly established, that the child never received

same, and that such contact again would have only been de minimis. Lastly, the trial court found that no evidence was presented in support that any contact occurred at the park.

**{¶35}** Appellant further argues that his failure to have contact with I.M.M. was justified because he was prohibited from having such contact pursuant to a Civil Protection Order.

**{¶36}** This Court has previously held any failure to communicate subsequent to the issuance of a CPO is not justified where Appellant's own actions were the cause of the issuance of the CPO.  In *In the Matter of the Adoption of Corl*, 5th Dist. Licking County App. 2004CA96, 2005-Ohio-736, this Court stated:

> Although father argues he was unable to communicate with the children due to the issuance of the two CPOs, a review of the record belies such assertion. The first CPO, which was issued in November, 1998, only protected mother. Father's visitation with the children was not effected. In fact, father actually continued to visit the children subsequent to the issuance of the CPO. At some point, father terminated visitation. Father offered no explanation for doing so. Assuming, arguendo, father was justified in failing to communicate with the children during the effective dates of the first CPO, we find father made no attempts to communicate with the children between November, 2003, and December, 2003, when nothing prevented him from doing so. Furthermore, any failure to communicate subsequent to the issuance of the December 17, 2003 CPO is not justified because it was appellant's actions which cause that CPO to be issued. "Under R.C. 3107.07(A), the probate court shall determine the issue of

justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the child *for that period as a whole* (and not just a portion thereof) was without justifiable cause." *Bovett, supra* at syllabus para. 3. (Emphasis in original). We find no reason to make a distinction between failure to support and failure to communicate.

**{¶37}** This Court reached a similar decision in *Askew v. Taylor,* 5th Dist., Stark App. No. 2004CA00184, 2004–Ohio–5504., wherein we found:

As a result of appellant's criminal behavior, the Stark County Court of Common Pleas, Family Court Division, entered an order prohibiting appellant from having contact with his children. As noted by appellee, appellant "created his own circumstances and should not be allowed to benefit from the consequences of this." Appellants own violent acts caused both the subsequent lack of support for and contact with DeVaughnte. *See Frymier, supra*. Under the specific facts and circumstances of this case, we find that, the trial court's determination that appellant's consent to the adoption was not required was proper.

**{¶38}** This Court has reached a similar decision in *In Re Adoption of A.A.C.*, 5th Dist., Muskingum County App. CT2011-2028, 2011-Ohio-5609 and *In Re Adoption of A.S.*, 5th Dist., Licking County App. 10-CA-140, 2011-Ohio-1505

**{¶39}** We find, based on the record before us, the trial court could conclude appellant had failed to maintain more than *de minimis* contact with I.M.M. for a period of

at least one year immediately preceding the filing of the petition, and such failure was unjustified. We therefore do not find that the trial court erred in determining that Appellant's consent to I.M.M.'s adoption was not required.

{¶40} Appellant's Second Assignment of Error is overruled.

{¶41} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0901