[Cite as *In re Adoption of N.T.R.*, 2017-Ohio-265.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re Adoption of | : | No. 16AP-589 |
| N.T.R., | : | (Prob. No. 567460) |
| [R.B.R., | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |

D E C I S I O N

Rendered on January 24, 2017

**On brief:** *R.B.R.*, pro se.

**On brief:** *David W. Poston*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

BROWN, J.

{¶ 1} R.B.R., appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, in which the court found he lacked justifiable cause for failure to provide more than de minimis contact with N.T.R. ("N.T.R.") for the period set forth in R.C. 3107.07(A).

{¶ 2} The following factual summary borrows largely from our prior decision in *In re Adoption of N.T.R.*, 10th Dist. No. 15AP-955, 2016-Ohio-3427. Appellant and M.D. were married in 2007 and had one child, N.T.R., in 2008. M.D. has a daughter, K.R., from a prior relationship. Subsequently, appellant was found guilty of raping K.R., his step-daughter, over a period of several years, when she was between the ages of 8 and 11 years old. *See State v. [R.B.R.]*, 10th Dist. No. 12AP-201, 2013-Ohio-3162. Appellant and M.D. divorced in 2013, and M.D. was awarded sole custody of N.T.R. Appellant was not

awarded custody or visitation with N.T.R., and the domestic relations court also did not award child support at that time.

{¶ 3} In 2013, M.D. married petitioner-appellee, K.D. Since that time, M.D., appellee, N.T.R., and K.R. have all lived together. Appellant is currently serving a prison sentence of 70 years to life. *See R.B.R.* In 2012, appellant sent two letters to N.T.R., but N.T.R. did not read them. After the first letter, M.D. contacted appellant's prison, and the Ohio Department of Rehabilitation and Correction issued an order that appellant cease correspondence/contact on May 7, 2012.

{¶ 4} On July 10, 2014, appellee filed a petition to adopt N.T.R. M.D. consented to the adoption. Appellee alleged in the petition that appellant's consent to the adoption was not required because, for a period of at least one year immediately preceding the filing of the adoption petition, appellant failed without justifiable cause to provide: (1) more than de minimis contact with the minor, and (2) for the maintenance and support of the minor as required by law or judicial decree. *See* R.C. 3107.07(A).

{¶ 5} A magistrate held a hearing to determine whether appellant's consent was required to proceed with the adoption. Appellant appeared at that hearing via telephone. After the hearing, the magistrate found appellant's consent was not required for both reasons alleged in the petition. Appellant filed objections to the decision but did not file a transcript of the hearing. The probate court overruled those objections and adopted the magistrate's decision finding that the evidence was "incontrovertible" that appellant, without justifiable cause, failed to provide for the maintenance and support of his child for the year preceding the filing of the petition. The probate court did not determine whether appellant failed, without justifiable cause, to provide more than de minimis contact with his child.

{¶ 6} Appellant filed an appeal and, in *N.T.R.*, this court found that because the magistrate factually found appellant had a zero support order as part of the parties' divorce decree, that order provided justifiable cause for appellant's failure to provide support for his child, and the trial court erred in its finding to the contrary. *Id.* at ¶ 17. We further concluded that, because the probate court did not address the issue of whether there was justifiable cause for appellant's failure to have contact with N.T.R. for one year

before the filing of the adoption petition, the trial court must address the issue on remand. *Id.* at ¶ 20.

{¶ 7}   Upon remand, the trial court issued judgment August 5, 2016, in which the court found appellant's consent to appellee's petition for adoption was not necessary, pursuant to R.C. 3107.07(A), because appellant failed, without justifiable cause, to have more than de minimis contact with N.T.R. in the year prior to the filing of the adoption petition.  The trial court found the matter must proceed to a hearing to determine whether adoption is in the best interest of N.T.R. Appellant appeals the trial court's judgment, asserting the following assignments of error:

> [I.] The Court[']s decision that [R.B.R.] had no justifiable reason for not having contact with his [child] for the year before the filing of the adoption petition has no merit, wasn[']t based on fact or evidence.
>
> [II.] The lower court[']s decision is clearly prejudiced by [R.B.R.] currently being incarcerated.
>
> [III.] The lower Court[']s decision violates many of [R.B.R.]'s Constitutional rights protected by the bill of rights and Ohio Law.
>
> [IV.] [R.B.R.] challenges the decision of the Lower court citing that the decision is against the Manifest Weight of the Evidence.
>
> [V.]  The Lower Court errored [sic] in its decision of finding Appellant's consent was not required for the adoption because its decision was not based on clear and convincing evidence put forth by the Appellee as law requires.
>
> [VI.]  The lower court improperly placed the burden of proof on [R.B.R.] to show that Justifiable reason was present for the lack of communi[ca]tion with his [child]. The burden was on the petitioner to show there was no justifiable reason.

{¶ 8}   We will address appellant's assignments of error together. All of the assignments of error generally assert the trial court erred when it found appellant failed, without justifiable cause, to have more than de minimis contact with N.T.R. in the year prior to the filing of the adoption petition.

{¶ 9} The right to parent one's children is a fundamental right. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 28. Therefore, parents " 'must be afforded every procedural and substantive protection the law allows.' " *In re Hayes*, 79 Ohio St.3d 46, 48 (1997), quoting *In re Smith*, 77 Ohio App.3d 1, 16 (6th Dist.1991). In regard to the permanent termination of parental rights specific to the context of adoptions, as a general rule, the biological parent must consent and may withhold consent to adoption. R.C. 3107.06(B)(1); *see also In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, ¶ 6 (stating that any exception to the requirement of parental consent to adoption must be strictly construed so as to protect the right of natural parents to raise and nurture their children). R.C. 3107.07 sets forth situations when that consent is not required. R.C. 3107.07(A) provides that such consent is not necessary if the court finds by clear and convincing evidence that the parent has failed, without justifiable cause, to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. In this appeal, we are concerned only with the statute as it pertains to de minimis contact, so our remaining statutory analysis will focus solely on that issue.

{¶ 10} The Supreme Court of Ohio has articulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A). *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23. The first step involves the factual question of whether the petitioner has proved by clear and convincing evidence that the parent willfully failed to have more than de minimis contact with the minor child. *Id.* at ¶ 21; R.C. 3107.07(A). "A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision." *Id.* at ¶ 25. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} The second step occurs if a probate court finds a failure to have more than de minimis contact. The court then determines the issue of whether there is justifiable cause for the failure. *Adoption of M.B.* at ¶ 23. The question of whether justifiable cause

for the failure to contact the children has been proven in a particular case, " 'is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence.' " *Id.* at ¶ 24, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163 (1986), paragraph two of the syllabus. In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that there must be a reversal of the judgment and an order for a new trial. *In re Adoption of E.E.R.K.*, 2d Dist. No. 2013 CA 35, 2014-Ohio-1276, ¶ 18.

{¶ 12} As explained above, the burden is on the petitioner to establish by clear and convincing evidence that (1) the parent has failed to provide more than de minimis contact for the child for the requisite one-year period, and (2) that the failure was without justifiable cause. *Adoption of M.B.* at ¶ 22. Once the petitioner establishes the parent's failure to provide more than de minimis contact, the opposing parent must show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner. *In re Adoption of Bovett*, 33 Ohio St.3d 102 (1987), paragraph two of the syllabus.

{¶ 13} In the present case, the probate court acknowledged that appellant conceded he had no contact with N.T.R. for the statutorily prescribed one-year period prior to the filing of the petition, and the court found the evidence supported such. In addressing whether appellant's failure to have contact with N.T.R. was justifiable, the court noted appellant's argument that N.T.R.'s mother contacted the prison and had the prison issue a no-contact order prohibiting him from corresponding with N.T.R., who lives in the same household with appellant's victim, his step-daughter. The court found that a protective order, in and of itself, was not sufficient justifiable cause for failure to communicate, and concluded that it was not justifiable here because it was appellant's voluntary actions that caused the protective order to be issued. The court concluded that justice required that it not ignore the reason appellant was put into his current position, and that appellant's own criminal acts caused his lack of communication with N.T.R. The

court found that appellant was solely responsible for the circumstances that prevented him from having meaningful communications with N.T.R.

{¶ 14} Under his first five assignments of error, appellant argues that he is restricted by the type of communication and the ability to communicate with N.T.R. due to the child's age, and M.D.'s efforts to keep him from communicating, including M.D. obtaining an order from his prison prohibiting him from sending letters to N.T.R.'s house. He asserts he would have to go against prison orders to contact N.T.R., and M.D. has caused significant interference and discouragement of communication. Appellant further contends the court was prejudiced against him solely due to his incarceration, his constitutional rights are being violated, and the trial court's judgment was against the manifest weight of the evidence. In his sixth assignment of error, appellant asserts that instead of requiring appellee to show by clear and convincing evidence that appellant was not justified, the court attacked him and found his own actions kept him from having contact with N.T.R. Appellant maintains that this finding does not meet the burden placed on appellee as the court is not asking appellee for evidence to show the unjustifiable cause. Appellant insists the trial court is placing the burden on him to show he was innocent of the rape charges in order to find justifiable cause.

{¶ 15} Appellant's first, second, third, fourth, and fifth assignments of error do not address the basis of the trial court's determination; that is, that appellant's own actions were the sole reason for his failure to communicate with N.T.R. for the one-year period preceding the filing of the adoption petition. It is only appellant's sixth assignment of error that finally addresses, at least in part, the trial court's basis for its decision, although we find the arguments contained therein to be without basis. Appellant fails to actually contest the trial court's finding that his failure to have contact with N.T.R. was due solely to his own criminal actions. What appellant contests is that such a basis is impermissible because it fails to place the burden of proof on appellee and improperly shifts it to him. This argument is without merit.

{¶ 16} Although appellant argues that he demonstrated justifiable cause by showing that appellee and M.D. created a substantial impediment and significant interference between his and the child's relationship and communication, and that it should have then been appellee's task to show the cause was not justifiable, the trial

court's conclusion that the cause was due solely to appellant's own actions was proper. That the judge examined the ultimate reason for appellant's having been unable to have contact with N.T.R.—his imprisonment—did not improperly shift the burden back to appellant to demonstrate that he was wrongly convicted. As the facts existed at the time of the hearings before the trial court, and the facts continue to exist before this court, appellant has been found guilty of multiple counts of sexually related acts against his step-daughter, who lives with N.T.R., appellee, and M.D.

{¶ 17} We find no prohibition to the trial court's taking the above facts into consideration, and appellant points us to no authority that would prevent the trial court from considering such. Other courts have found that incarceration, the underlying reason for the non-consenting parent's circumstances, and the non-consenting parent's voluntary acts are factors to consider when determining whether a parent has justifiable cause under R.C. 3107.07. *See In re Adoption of Z.A.-O.J.*, 5th Dist. No. 16-CA-05, 2016-Ohio-3159, ¶ 27 (finding incarceration alone is not justifiable cause for the failure to communicate, and appellant created his own circumstances and was in jail as a result of his own wrongdoings and violent acts); *In re Adoption of I.M.M.*, 5th Dist. No. 16 COA 018, 2016-Ohio-5891, ¶ 36 (finding any failure to communicate subsequent to the issuance of the protection order was not justified because it was appellant's actions that caused that protection order to be issued); *In re Adoption of S.M.H.*, 2d Dist. No. 2013 CA 59, 2014-Ohio-45, ¶ 12 (finding the protection orders were a result of the appellant's own conduct, not from any intentional efforts by the child's mother to interfere with parental rights; appellant cannot use his own misconduct to justify his absence from his child's life); *In re Adoption of [K.C.]*, 5th Dist. No. 2004CA96, 2005-Ohio-736 (any failure to communicate subsequent to the issuance of the protection order was not justified when appellant's own actions were the cause of the issuance of the protection order); *Askew v. Taylor*, 5th Dist. No. 2004CA00184, 2004-Ohio-5504, ¶ 14-16 (finding that, although appellant had been incarcerated and was prohibited from having contact with his children pursuant to court order, he was incarcerated on two counts of felony child endangering as a result of injuring the children, and justice requires that the court not ignore the reason appellant was put into his current position; appellant's own violent acts caused the subsequent lack of contact, and he created his own circumstances and should not be

allowed to benefit from the consequences of this); *Frymier v. Crampton*, 5th Dist. No. 02 CA 8, 2002-Ohio-3591 (addressing non-support under R.C. 3107.07(A) by an incarcerated parent and finding that justice requires that the court not ignore the reason appellant was put into his current position; appellant's own violent acts directed at the child's family caused the subsequent lack of support for the child).

{¶ 18} In the present case, appellant's own reprehensible actions with regard to the sexual abuse of his step-daughter are ultimately responsible for his inability to maintain contact with his child. Appellant created the circumstances in which he now finds himself. It is not only appellant's incarceration that is to blame in the present case, but that appellant raped his step-daughter, and N.T.R. lives in the same household as appellant's victim. It would be a grave injustice for the court to be unable to consider the underlying circumstances of appellant's situation and the reasons for his incarceration in making a justifiable cause determination under R.C. 3107.07. Therefore, we find the trial court did not err when it found appellant lacked justifiable cause for his failure to provide more than de minimis contact with N.T.R. for the period set forth in R.C. 3107.07(A). Appellant's first, second, third, fourth, fifth, and sixth assignments of error are overruled.

{¶ 19} Accordingly, we overrule appellant's six assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

TYACK, P.J., and HORTON, J., concur.

_____