[Cite as *In re Adoption of M.M.F.*, 2019-Ohio-448.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF | : | JUDGES: |
| THE ADOPTION OF: | : | Hon. W. Scott Gwin, P.J. |
| M.M.F. | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 18 CAF 09 0069 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Probate Court, Case No. 1804 0364 PAD |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 8, 2019 |

APPEARANCES:

| | |
|---|---|
| For Respondent-Appellant | For Respondent-Appellant |
| STACI K. THOMAS | WILLIAM H. FRASER |
| Legal Aid of Columbus | Legal Aid of Columbus |
| 150 Oak Street | 1108 City Park Ave., 2nd Fl. |
| Marion, OH 43302 | Columbus, OH 43206 |

For: Petitioners-Appellees
DIRKEN WINKLER
Winkler Legal Services
490 City Park Ave.
Columbus, OH 3215

*Gwin, P.J.*

{¶1} Appellant appeals the August 27, 2018 judgment entry of the Delaware County Probate Court denying her request for appointment of counsel.

*Facts & Procedural History*

{¶2} Appellant E.S. is the biological mother ("Mother") of M.M.F and Y.E.F., both born on September 3, 2014. In May of 2015, appellees C.F. and D.F., the children's aunt and uncle, filed a complaint for the allocation of parental rights and responsibilities with the Delaware County Juvenile Court against appellant and R.H., the biological father ("Father") of the children. Appellees obtained temporary custody of the children. Subsequently, in September of 2016, appellant, R.H., and appellees entered into an agreed judgment entry in the Delaware County Juvenile Court. Pursuant to the agreement, appellees were granted legal custody of the children and appellant and Father would have parenting time with the children, as each could agree with appellees. The parties agreed neither appellant nor Father would be required to pay child support.

{¶3} On April 4, 2018, appellees filed a petition for adoption of minor for each M.M.F. and Y.E.F. with the Delaware County Probate Court. Appellees alleged in their petition that the consent of appellant and Father was not required because each parent has failed without justifiable cause to provide more than de minimis contact with the minors for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minors in the home of the petitioners and/or each parent failed without justifiable cause to provide for the maintenance and support of the minors as required by law or judicial decree for a period of at least one year immediately

preceding the filing of the adoption petition or the placement of the minors in the home of petitioners.

**{¶4}** The trial court scheduled a hearing on the petitions filed by appellees for August 29, 2018. Appellant received her notice of hearing on the petitions for adoption on April 19, 2018 and Father received his notice on April 23, 2018. Father filed a written response opposing the adoption on May 2, 2018. On May 3, 2018, the trial court issued a judgment entry changing the hearing on August 29th to a consent-only hearing.

**{¶5}** On August 22, 2018, appellant filed an affidavit of indigency and request for appointment of counsel. Appellant asserts she is not able to afford to retain an attorney because her household gross income is below the federal poverty level. Further, that she needs an attorney to help her understand the procedures that apply, the rules of evidence, and the legal issues and possible defenses. Appellant states she would like to present her defenses, but does not know exactly how to proceed without an attorney to help her. Further, that she does not understand how to present evidence properly or cross-examine witnesses. Appellant argues due process and equal protection requires appointment of counsel. Appellant attached to her motion a 2006 decision by the Franklin County Probate Court finding indigent parents in contested adoption proceedings are entitled to appointed counsel.

**{¶6}** The trial court issued a judgment entry on August 27, 2018 denying appellant's request for appointment of counsel. The trial court applied the *Mathews v. Eldrige* test to appellant's claim that her due process rights would be violated without appointment of counsel and found, upon a balancing of the factors, that the process due to appellant does not include the appointment of counsel, especially since she will not

lose her personal freedom if counsel is not appointed. The trial court further noted that appellant did not allege the denial of notice or the denial of the opportunity to be heard.

{¶7} As to appellant's argument that equal protection of the law requires her to have appointed counsel, the trial court cited the *J.R.F.* case and found the same reasoning as in *J.R.F.* applies in this case. Specifically, that appellant does not cite any decision from the Fifth District Court of Appeals or the Supreme Court in support of her position. The trial court also cited this Court's decision in *I.M.M.* and found the case law cited by appellant, a Franklin County Probate Court decision, is not mandatory authority in this case.

{¶8} The trial court held a hearing on August 29, 2018. The magistrate stated the purpose of the hearing was to consider whether the consents of appellant and Father are required for the adoption. At the start of the hearing, the magistrate informed appellant that her request for appointed counsel was denied. The magistrate then asked appellant, "are you prepared to proceed today," and appellant responded "Yes, Yes, Your Honor." The magistrate, appellees' attorney, and appellant discussed how a zero-sum child support order, as opposed to an order leaving the child support number blank, may affect the proceedings, and the magistrate determined it was necessary to obtain additional information such as the original agreed judgment entry that was filed and docketed with the juvenile court. The magistrate stated he would take testimony on the issue of support, but recognized he would not consider the testimony if, after the additional information was provided, there is found to be a zero support order.

{¶9} Appellees called appellant on cross-examination. Appellant testified to when she spoke to appellees and when she saw or sent gifts to the children. C.F. testified

on direct examination. Appellant questioned C.F. on cross-examination. D.F. testified on direct examination. Appellant cross-examined D.F. At the conclusion of her cross-examination of D.F., appellant asked the magistrate, "When you asked me, would you like to continue, would that have been my time to ask for a continuance?" The magistrate responded, "Yes." Appellant stated the purpose of the continuance would be "to possibly get an attorney. Because I am not sure how court works. I have never been in trouble before * * * Because maybe I should get an attorney, because I don't know how to cross-examine. I'm not an attorney." Subsequently, D.F. testified on re-direct examination and appellees rested their case on the issue of consent.

{¶10} At the conclusion of the hearing, the trial court continued further hearing of the case to September 12, 2018. The trial court issued a judgment entry on August 30, 2018, stating that "because of the late hour of the day, and because further hearing is required to permit the mother the opportunity to present her case with regard to whether her consent is required for the adoptions, a further hearing is required." Mother filed her notice of appeal on September 10, 2018.

{¶11} Appellant appeals the August 27, 2018 judgment entry of the Delaware County Probate Court and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY FILED AUGUST 27, 2018, BY DENYING APPELLANT'S REQUEST FOR APPOINTED COUNSEL TO REPRESENT HER IN PROCEEDINGS ON THE PETITION TO TERMINATE HER PARENTAL RIGHTS BY ADOPTION OF HER CHILDREN."

*Due Process*

**{¶13}** Appellant first argues the trial court violated her right to due process under the Ohio and U.S. Constitutions by denying her request for appointed counsel. This Court has previously held that "there is no right to the appointment of counsel in the context of adoption." *In the Matter of the Adoption of I.M.M.*, 5th Dist. Ashland No. 16 COA 081, 2016-Ohio-5891; *In the Matter of the Adoption of J.L.M.-L.*, 5th Dist. Muskingum No. CT2016-0030, 2017-Ohio-61, appeal not allowed by *In re Adoption of J.L.M.-L.*, 148 Ohio St.3d 1446, 2017-Ohio-1427, 72 N.E.3d 658.

**{¶14}** In our opinions, we cited to cases holding that a civil litigant does not have the right to appointed counsel because there is no state action in a privately-initiated adoption. *Id.,* citing *In re Adoption of Drake*, 12th Dist. Clermont No. CA2002-08-067, 2003-Ohio-510 (holding the state's action in removing a child from the home did not transform a later adoption petition into one involving state action); see also *In the Matter of the Adoption of M.C.*, 4th Dist. Jackson Nos. 11CA5, 11CA6, 2011-Ohio-6527, appeal not allowed by *In re Adoption of M.C.*, 131 Ohio St.3d 1476, 2012-Ohio-896, 962 N.E.2d 805 (holding the Fourteenth Amendment provides protection against governmental, not private action, and a private party filed the adoption petition in the case); *In the Matter of R.M.T.*, 12th Dist. Warren No. CA2017-12-178, 2018-Ohio-1691 (finding no error in the denial of appointed counsel because the case was initiated by a step-parent seeking adoption of a child, not by the state); *Angus v. Angus*, 10th Dist. Franklin Nos. 14AP-22, 14AP-159, 2014-Ohio-4225, appeal not allowed by *Angus v. Angus*, 142 Ohio St.3d 122, 2015-Ohio-1353, 28 N.E.3d 122 (holding that because the state was not the initiating

party in the deprivation of parental rights, there is no statutory or constitutional right to counsel in a parentage dispute between individual parties).

{¶15} In this case, appellees received legal custody of the minor children via an agreed judgment entry between appellees, appellant, and Father after appellees, private parties, filed a complaint for the allocation of parental rights and responsibilities in juvenile court. Appellees, private parties, filed petitions for adoption in this case. Thus, appellant's due process right were not violated.

{¶16} Alternatively, we find the trial court did not err in weighing the *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), factors in concluding appellant's due process rights were not violated. Pursuant to the test in *Mathews*, in order to determine whether parental due process rights have been infringed, the court must consider and weigh: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of additional safeguards; and (3) the governmental burden of additional safeguards. *Id.* These factors are then balanced against the presumption that there is a right to appointed counsel only where the indigent, if he or she is unsuccessful, may lose his or her personal freedom. *Id.; In the Matter of L.C.C.*, 10th Dist. Franklin No. 18AP-167, 2018-Ohio-4617; *In the Matter of J.R.F.*, 4th Dist. Vinton No. 16CA701, 2017-Ohio-8125, appeal not allowed by *In re J.R.F.*, 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 952 (2018).

{¶17} Appellant has a strong fundamental interest at stake in the adoption proceeding. However, the risk of an erroneous deprivation of those interests is minimal, as the Ohio General Assembly has instituted Chapter 3107 of the Revised Code containing procedures in an adoption case and the Ohio Supreme Court has previously

stated the procedures currently in place under Ohio law adequately protect a biological parents' constitutionally protected rights. *In re Adoption of Zschach*, 75 Ohio St.3d 648, 665 N.E.2d 1070 (1996). The government's burden would increase due to the fiscal and administrative burdens of appointing counsel. There is no presumption of the right to appointed counsel in this case because appellant will not lose her personal freedom or physical liberty if she is unsuccessful.

{¶18} This Court has previously held that, in lieu of appointing counsel, other, less-burdensome procedural safeguards have been used to protect parental rights. *In the Matter of the Adoption of I.M.M.*, 5th Dist. Ashland No. 16 COA 081, 2016-Ohio-5891. For example, the use of depositions, affidavits, and telephonic participation can be used to satisfy due process in certain situations. *Id.* Further, we have held that when a parent is present at a private adoption hearing and is able to meaningfully participate, the parent is not denied due process. *Id.*

{¶19} In this case, appellant had a meaningful opportunity to be heard in a meaningful manner. Appellant received notice of the hearing and appeared at the hearing. At the beginning of the hearing, when the trial court informed appellant her request for appointed counsel was denied, appellant confirmed to the trial court that she was prepared to proceed. Appellant confirmed she received notice of the hearing and understood that the purpose of the hearing was to determine whether her consent to the adoption was required. Appellant testified under cross-examination. Appellant was able to cross-examine both C.F. and D.F. The magistrate noted he needed more information regarding the zero support order and informed the parties that while he would take testimony on the issue of support, if a zero support order was entered, he would not

consider the testimony in his decision. Prior to appellant presenting her case and when appellant asked for a continuance to obtain counsel, the magistrate continued the hearing. The issue of consent in this case involves the conflicting testimony of appellant and appellees. Appellant was able to cross-examine both D.F. and C.F., and can provide her own testimony and evidence when she presents her case. The case is not exceedingly complex and does not involve expert medical or psychiatric testimony. See *In the Matter of J.R.F.*, 4th Dist. Vinton No. 16CA701, 2017-Ohio-8125, appeal not allowed by *In re J.R.F.*, 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 952 (2018).

**{¶20}** Accordingly, we find the trial court did not err in finding appellant's interest did not outweigh the remaining factors considering the lack of presumption of the right to appointed counsel because appellant will not lose her personal freedom or physical liberty if she is unsuccessful.

*Equal Protection*

**{¶21}** Appellant next contends the trial court violated her right to equal protection of the law guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution in failing to appoint legal counsel to represent her in the adoption proceedings. Appellant argues an indigent biological parent facing the loss of parental rights in a contested private adoption in probate court is in the same position as an indigent biological parent facing the loss of parental rights in an abuse, neglect, and dependency case initiated by the state in juvenile court under R.C. 2151.353. Appellant contends because R.C. 2151.353(C) requires appointment of legal counsel to indigent parents, the Equal Protection Clause requires appointment of legal counsel, at the state's expense, to indigent parents in private adoption proceedings.

**{¶22}** As discussed above, this Court has previously held that there is no right to the appointment of counsel in the context of adoption and cited, as part of our reasoning, cases holding that because the state was not the initiating party in the deprivation of parental rights, there is no constitutional right to counsel in a private adoption proceeding. Similarly, we find no Equal Protection violation in this case because a private party filed the adoption petition in this case. The Equal Protection Clause provides protection against governmental, not private, action. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (holding state action is a precondition of invoking the equal protection clause).

**{¶23}** Further, "equal protection of the laws" means that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). An equal protection claim arises only in the context of an unconstitutional classification made by a state, i.e. when similarly situated individuals are treated differently. *Conley v. Shearer,* 64 Ohio St.3d 284, 288–289, 595 N.E.2d 862 (1992).

**{¶24}** As we previously recognized in *J.L.M.-L.*, adoption and permanent custody are "distinct concepts under Ohio law" *In re Adoption of J.L.M.-L.*, 148 Ohio St.3d 1446, 2017-Ohio-1427, 72 N.E.3d 658. The concepts of adoption and permanent custody are each contained within different statutes with different purposes and each with different tests involved before a court can grant them. Thus, biological parents in adoption actions and permanent custody actions are not "similarly situated individuals [that] are treated differently."

**{¶25}** Additionally, as stated by the Tenth and Fourth Districts, there are no cases holding Ohio's adoption laws violate equal protection because they treat similarly situated parents in private adoption proceedings differently than parents in state-initiated child custody proceedings with respect to the right of court-appointed counsel. *In the Matter of L.C.C.*, 10th Dist. Franklin No. 18AP-167, 2018-Ohio-4617; *In the Matter of J.R.F.*, 4th Dist. Vinton No. 16CA701, 2017-Ohio-8125, appeal not allowed by *In re J.R.F.*, 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 952 (2018); *In the Matter of J.M.P.*, 4th Dist. Vinton No. 15CA702, 2017-Ohio-8126, appeal not allowed by *In re J.M.P.,* 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 953. The Ohio Supreme Court declined jurisdiction in both *In the Matter of J.R.F* and *In the Matter of J.M.P*, and in both cases the appellants argued an indigent natural parent respondent to an adoption petition has a constitutional right to appointed counsel pursuant to the Due Process and Equal Protection Clauses.

*Probate Court Authority*

**{¶26}** In her last argument, appellant contends probate courts have the authority to appoint counsel to represent indigent parents and that the Ohio Legislature cannot direct Ohio courts to conduct adoption hearings and then require those courts conduct those hearings in a way that violates Due Process or Equal Protection Clauses. Because we determined, *supra*, that the trial court did not violate appellant's right to due process or equal protection, we also find this argument to be not well-taken.

{¶27}  Based on the foregoing, appellant's assignment of error is overruled.

{¶28}  The August 27, 2018 judgment entry of the Delaware County Probate Court is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur