[Cite as *Daniel v. Walder*, 2018-Ohio-3195.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

HARVEY DANIEL                                :
                                             :
    Plaintiff-Appellant                  :       Appellate Case No. 27709
                                             :
v.                                           :       Trial Court Case No. 2017-CVI-1917
                                             :
RACHELE WALDER                               :       (Civil Appeal from
                                             :        Municipal Court)
    Defendant-Appellee                   :
                                             :

. . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . .

HARVEY DANIEL, 1211 Harvard Boulevard, Dayton, Ohio 45406
    Plaintiff-Appellant, Pro Se

RACHELE WALDER, P.O. Box 231, Dayton, Ohio 45404
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Harvey Daniel appeals from a judgment of the Dayton Municipal Court which overruled, as untimely, his objections to a magistrate's decision dismissing his small claims action against Rachele Walder for breach of contract. For the following reasons, Daniel's appeal will be dismissed.

## I. Procedural History

{¶ 2} On April 19, 2017, Daniel filed a breach of contract action against Walder related to work performed at 2117 Stegman Avenue in Dayton pursuant to a contract entered on June 9, 2016. The complaint sought $6,000 in damages. The clerk of court attempted unsuccessfully to serve Walder with the complaint.

{¶ 3} On May 16, 2017, a magistrate, sua sponte, filed a decision dismissing the action. The entry stated that the "subject matter [was] previously litigated under Case No. 16 CVI 5221." Attached to the magistrate's decision was a copy of a small claims complaint filed by Daniel against Walder on November 4, 2016, alleging breach of a contract entered on June 9, 2016 for work done at the same Stegman Avenue address. The 2016 complaint had sought $5,000 in damages.

{¶ 4} The next day, May 17, the magistrate held a hearing, informing Daniel of the dismissal. (The record does not indicate how Daniel knew of the hearing, and there is no indication that Walder had notice of the hearing or was present.) After greeting Daniel and a witness, the following exchange occurred between the magistrate and Daniel:

THE COURT: It will be brief, so you don't need to get comfortable.

I noted that this case was filed, I believe a couple weeks ago when it came

before me, where I got notice of it. I do note that this is the same subject

matter that was previously litigated. In fact, I presided over that case. The law does not allow matters to be re-litigated. As such, as a matter of law[,] this case is barred. I do also note that the other case is currently still pending. As such, based upon that, this case is hereby dismissed. I actually did the entry yesterday, and you will be receiving it in the mail.

PLAINTIFF: Your Honor, this is a different contract than the other contract.

THE COURT: The complaints were exactly the same. So, you can feel free to resubmit a different complaint if you believe that is, in fact[,] the case and at that point in time, we can look at it. But, I can tell you having looked at your previous case, in addition to this case, the complaints are exactly the same. The only thing that changed was the amounts. So, at this juncture I hereby dismiss this case. Sir, you can feel free to refile it if you desire, but keep in mind that if the complaint is exactly verbatim the same as the previous complaint that in all likelihood anybody is going to think it's the same case. Alright, so that's my decision, sir. Have a good day.

{¶ 5} There is no filing in the record indicating that the magistrate's ruling was served on the parties within three days, as required by Civ.R. 53(D)(3)(a)(iii).

{¶ 6} On May 23, 2017, prior to service of the magistrate's decision, the trial court issued a judgment entry adopting the magistrate's decision and stating that the action was dismissed because the subject matter had previously been litigated in Case No. 16 CVI 5221.

{¶ 7} According to the trial court's docket, on May 31, 2017, the clerk of court served the May 16 magistrate's decision "on all required parties and counsel" by ordinary mail. The same date, the clerk filed a "notice of final appealable order," indicating that a final appealable order had been filed on May 23, 2017. Certificates of mailing were also filed on May 31; the docket suggests that these certificates referred to the mailing of the trial court's May 23 judgment entry.

{¶ 8} On June 14, 2017, Daniel filed an objection to the magistrate's decision. Daniel argued that, although the "cover sheets" (i.e., complaints) were identical, the two actions – 16 CVI 5221 and 17 CVI 1917 -- addressed two different contracts signed by the parties on the same date. Daniel attached copies of the contracts to his objections. Daniel further indicated that, during the 2016 case, the magistrate told him in open court that he could file a separate action regarding the second contract. Daniel argued that the magistrate erred in dismissing the second action without reviewing the second contract.

{¶ 9} On August 15, 2017, the trial court overruled Daniel's objections to the magistrate's decision. The trial court found that Daniel's objections were untimely, because they were not filed within 14 days of the magistrate's decision, which was filed on May 16, 2017.

{¶ 10} Daniel appeals from the trial court's August 15, 2017 judgment.

## II. Timeliness of Appeal

{¶ 11} On appeal, Daniel claims that the trial court erred by failing to rule on the merits of his objections and in concluding that the subject matter of this case had been previously litigated. Daniel has attached to his appellate brief a page from a transcript in

Case No. 2016 CVI 5221, which purports to show that Daniel had two contracts with Walder relating to the same address and that the magistrate returned one contract to Daniel because it was not at issue in that 2016 litigation. We do not reach the merits of Daniel's assignments of error, because we conclude that Daniel has not timely appealed from the trial court's final judgment.

{¶ 12} The Ohio Rules of Civil Procedure require a magistrate's decision to be in writing, signed by the magistrate, filed with the clerk, and served on the parties or their attorneys within three days. Civ.R. 53(D)(3)(a)(iii). A party wishing to object to the magistrate's decision must file written objections within 14 days of the *filing* of the magistrate's decision. Civ.R. 53(D)(3)(b)(i). For good cause shown, the trial court shall allow a reasonable extension of time for a party to file objections to a magistrate's decision. Civ.R. 53(D)(5). "Good cause" includes a failure by the clerk to timely serve the magistrate's decision on the party seeking the extension. *Id.*

{¶ 13} The trial court may enter judgment on a magistrate's decision "either during the fourteen days permitted * * * for the filing of objections to a magistrate's decision or after the fourteen days have expired." Civ.R. 53(D)(4)(e)(i). If the court enters judgment during the 14 days, the timely filing of objections operates as an automatic stay of execution of the judgment until the court disposes of the objections. *Id.* In ruling on timely objections, the court "shall undertake an independent review as to the objected matters." Civ.R. 53(D)(4)(d).

{¶ 14} When timely objections are not filed, the trial court may adopt a magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. Civ.R. 53(D)(4)(c). In the absence of timely

objections, any appeal from the trial court's judgment must be filed in accordance with App.R. 4. The party may not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion unless the party has objected to that finding or conclusion. Civ.R. 53(D)(3)(b)(iv).

{¶ 15} In this case, the magistrate's decision was filed on May 16, 2017. Under the 14-day period allowed by Civ.R. 53(D)(3)(b)(i), Daniel was required to file any objections by May 30, 2017. Daniel did not do so, although it appears that Daniel had not yet been served with the magistrate's decision when the deadline expired.

{¶ 16} The trial court's judgment adopting the magistrate's decision and dismissing the action was filed on May 23, 2017, and Daniel was (untimely) served with notice of that final appealable order on May 31, 2017. *See* Civ.R. 58(B) (requiring the clerk to serve the parties and note the service in the appearance docket within 3 days of the trial court's entering the judgment on the journal).

{¶ 17} Daniel filed untimely objections to the magistrate's decision on June 14, 2017. A court may consider untimely objections but only "*so long as the trial court has not entered a final judgment.*" (Emphasis sic.) *Learning Tree Academy, Ltd. v. Holeyfield,* 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 15, fn. 2; *see also Thompson v. Thompson*, 2d Dist. Montgomery No. 27394, 2017-Ohio-8192, ¶ 9. After a trial court has entered a final judgment, the court cannot consider objections. *See Murray v. Goldfinger, Inc.*, 2d Dist. Montgomery No. 19433, 2003-Ohio-459, ¶ 5, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981). Because the trial court had already entered judgment when Daniel filed his untimely objections, the trial court did not err in failing to consider the merits of those objections.

{¶ 18} Moreover, because Daniel's objections were untimely, the objections did not operate to stay the trial court's judgment, and Daniel had 30 days from the date when the clerk (untimely) completed service of the May 23, 2017 judgment to appeal. *See* App.R. 4(A)(3). Alternatively, Daniel was required seek relief from the final judgment through a motion for relief from judgment under Civ.R. 60(B). *Id.* at ¶ 5; *Learning Tree* at ¶ 16.

{¶ 19} We recognize that, according to the trial court's docket, the clerk did not mail the magistrate's decision to Daniel until May 31, 2017, after the time for filing objections had expired. Had Daniel been served with the magistrate's decision within the 14-day period for filing objections, he could have requested an extension of time to file his objections. *See* Civ.R. 53(D)(5). However, the clerk's service of the magistrate's decision both after the 14-day period *and* after the trial court had entered a final judgment precluded Daniel from being able to file timely objections and from seeking an extension of time to file objections. On June 14, 2017 (when Daniel filed his untimely objections), Daniel's only options were to file a timely appeal from the May 23, 2017 judgment or to seek relief from that judgment, pursuant to Civ.R. 60(B).

{¶ 20} Daniel has appealed from the trial court's August 15, 2017 judgment overruling his untimely objections. However, the trial court lacked jurisdiction to enter the judgment from which Daniel now appeals. *Murray* at ¶ 5. "[U]ntimely objections filed after entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity." *Id.*; *see also, e.g., In re L.J.G.*, 11th Dist. Trumbull No. 2012-T-0014, 2012-Ohio-5228, ¶ 11-12; *Levy v. Ivie*, 10th Dist. Franklin No. 10AP-1185, 2011-Ohio-4055, ¶ 15; *In re J.A.M.*, 12th Dist. Butler No. CA2010-07-174, 2011-Ohio-668, ¶ 15-16.

Consequently, the trial court's August 15, 2017 judgment overruling those objections was also a nullity. *See, e.g., Murray* at ¶ 6; *see also State ex rel. White v. Richard*, 2018-Ohio-2696, ___ N.E.3d ___, ¶ 7 (application for reconsideration was a nullity, as was the court's judgment denying that application).

{¶ 21} In summary, without timely objections to the magistrate's decision, the trial court's May 23, 2017 judgment remained the final appealable order. Daniel did not timely appeal from the trial court's May 23, 2017 final judgment, and the August 15, 2017 judgment from which he did appeal was a legal nullity. Accordingly, Daniel's appeal must be dismissed. We note, however, that nothing in this Opinion precludes Daniel from filing a Civ.R. 60(B) motion with the trial court, seeking relief from the May 23, 2017 judgment and requesting an extension of time to object to the magistrate's decision.

### III. Conclusion

{¶ 22} Daniel's appeal from the August 15, 2017 judgment will be dismissed.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Harvey Daniel
Rachele Walder
Hon. Christopher D. Roberts