[Cite as *Bibb v. Garrett*, 2021-Ohio-1316.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William A. Bibb, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-878 |
| v. | : | (M.C. No. 2018CVG-24957) |
| James P. Gar[r]ett, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 15, 2021

**On brief:** *Holiday F. Lovey*, and *James T. Mackey*, for appellant. **Argued:** *Holiday F. Lovey*.

APPEAL from the Franklin County Municipal Court

DORRIAN, P.J.

{¶ 1} Defendant-appellant, James P. Garrett,[1] appeals the November 22, 2019 judgment originating from an action for eviction in the Franklin County Municipal Court. For the reasons explained below, we reverse and remand to the trial court for the November 22, 2019 judgment entry to be vacated.

**I. Facts and Procedural History**

{¶ 2} Plaintiff-appellee, William A. Bibb, filed a petition and two-count complaint for eviction on July 11, 2018 in the municipal court against appellant. In his first claim, appellee stated he is the landlord of the property where appellant resides located on Groveport Pike Road, Columbus, Ohio, 43207. The complaint indicates that notice was personally served on appellant on May 25, 2018, requesting appellant leave the stated

---

[1] Counsel for appellant clarifies in appellant's brief that appellee misspelled appellant's name at the inception of the municipal court case and appellant's last name is spelled "Garrett."

residence by June 26, 2018.  In his second claim, appellee alleged monetary damages in the amount of $12,375.  The case was scheduled for an eviction hearing on August 1, 2018.

{¶ 3}    On July 18, 2018, appellee filed an amended complaint for eviction adding a second defendant, Kimberly J. Garrett, appellant's wife.  The first and second claims for relief remained unchanged from the initial complaint.  The August 1, 2018 eviction hearing was rescheduled to August 8, 2018.

{¶ 4}    On August 8, 2018, the parties appeared before the magistrate.  Appellee affirmed he was the owner of the property at issue and landlord of appellant.  Appellant testified he moved from appellee's property about two months prior to the hearing and removed all property in which he was interested.  The magistrate issued a decision the same day dismissing the first cause without prejudice, and the trial court adopted the magistrate's decision on August 9, 2018.

{¶ 5}    On October 2, 2018, appellee filed a motion for default judgment requesting $12,375 in monetary damages.  The motion for default states that a complaint was filed against appellant and service was obtained.  The record does not reflect a hearing date was scheduled.

{¶ 6}    On August 16, 2019, appellee filed a second motion for default judgment requesting the same monetary damages as the October 2, 2018 motion.  The trial court record does not reflect a hearing date was scheduled.  On August 29, 2019, the court entered a judgment on appellee's complaint as to liability only and set the matter for hearing to determine the proper amount of damages.  A hearing was scheduled for September 11, 2019.  The court record reflects that a notice of hearing was issued but does not specify to whom and addresses are not indicated.

{¶ 7}    Pursuant to a magistrate's decision filed September 12, 2019, appellee failed to appear for the hearing and failed to provide the requisite proof for any monetary damages.  The magistrate awarded damages in the amount of "Ø."  The magistrate's decision provided the following: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion. Civ.R. 53(D)(3)."  The trial court adopted the magistrate's decision and entered judgment on September 12, 2019.

Above the judge's signature line, the following notice was provided: "Pursuant to Rule(s) 53(D), 55 and 58 of the Ohio Rules of Civil Procedure, the court hereby directs the Clerk of Franklin County Municipal Court to serve upon all parties notice of this judgment and its date of entry upon the journal." The record reflects notices were mailed to appellee and appellant.

{¶ 8} On November 5, 2019, appellee filed a motion to reinstate court date and a motion for default judgment. Appellee's motion for default judgment states a complaint was filed and certified mail service was perfected. Notwithstanding that appellant appeared at the August 8, 2018 hearing, appellee's motion also indicates that "[d]efendant(s) has not filed responsive pleadings or otherwise appeared in this action." The motion to reinstate court date does not present any language other than the title of the motion; further, the certificate of service is blank. The court record does not reflect a request for service on either of the motions filed by appellee. On November 7, 2019, the trial court entered judgment on appellee's complaint in favor of appellee as to liability only. A hearing was set for November 21, 2019 to determine the proper amount of damages. The court record reflects a notice of hearing was issued but does not specify to whom and addresses are not indicated.

{¶ 9} At the hearing, appellee only appeared before the magistrate and presented testimony and exhibits. Based on exhibits presented by appellee, in a decision filed November 22, 2019, the magistrate found for specific damages and recommended a judgment against appellant in the amount of $10,419.58. In a judgment entry filed the same date, the trial court adopted the magistrate's decision, ordering judgment for appellee in the amount of $10,419.58.

{¶ 10} Review of the record reflects that appellee's motion to reinstate court date was not set for hearing nor was the motion specifically addressed by the trial court. According to the transcript of the hearing before the magistrate on November 21, 2019, appellee did not present testimony related to the motion to reinstate court date.

{¶ 11} Appellant filed a timely notice of appeal.

## II. Assignments of Error

{¶ 12} Appellant assigns the following two assignments of error for our review:

[I.] The trial court erred when it continued to issue judgments after issuing a final judgment on September 12, 2019.

[II.] The trial court erred when it granted judgment to Appellee-Landlord where Appellant was not served with the motions that resulted in a hearing being set nor notice of the new court date.

Appellant filed a merit brief in support of his assignments of error. Appellee did not file a merit brief in response.

## III. Analysis

### A. First Assignment of Error: Trial court erred when it continued to issue judgment after the issuance of the September 12, 2019 final judgment entry.

{¶ 13} Appellant asserts the September 12, 2019 judgment entry was a final judgment and the trial court lacked jurisdiction to make further rulings without appellant availing himself to the proper legal remedies. Specifically, appellant argues: (1) appellee did not file an objection to the magistrate's decision, pursuant to Civ.R. 53, (2) the September 12, 2019 judgment was final, (3) appellee did not file a motion for relief from judgment or a motion for new trial, pursuant to Civ.R. 60(B) or 59, and (4) the trial court lacked jurisdiction to file the November 22, 2019 judgment. We address each of these arguments below.

### 1. Appellee failed to object to the magistrate's decision filed September 12, 2019

{¶ 14} Appellee's motion to reinstate and third motion for default judgment were filed in response to the trial court's September 12, 2019 judgment entry which adopted the magistrate's decision filed the same day. The September 12, 2019 magistrate's decision reflects that a party shall not assign an error on appeal as to a magistrate's finding of fact or conclusion of law without first objecting under Civ.R. 53(D)(3). *See* Civ.R. 53(D)(3)(a)(iii). The rule provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(3)(b)(i). Further, an objection to a magistrate's decision shall be specific and state

with particularity the grounds for the objection. Civ.R. 53(D)(3)(b)(ii). If the objection is to a finding of fact, the objection shall be supported by a transcript. Civ.R. 53(D)(3)(b)(iii).

{¶ 15} A magistrate's decision becomes effective upon the trial court filing a judgment adopting the same, which may occur during the 14 days permitted for the filing of objections. Civ.R. 53(D)(4)(a), (c), (e), and (e)(i). Here, the magistrate's decision was adopted by a judgment entry filed September 12, 2019. We find appellee did not file objections to the magistrate's decision because appellee's November 5, 2019 motions were filed well beyond the 14-day period for objections and a transcript of proceedings was never filed. Civ.R. 53(D)(3)(b)(i) and (iii). Furthermore, appellee's motions filed November 5, 2019 do not argue error as to the decision of the magistrate or subsequent adoption by the court. Therefore, appellee's motions to reinstate the court date and for default judgment cannot be construed as objections under the applicable rules. Civ.R. 53(D)(3)(b). Appellee failed to object and the trial court adopted the magistrate's decision, thereby entering final judgment as we explain below.

### 2. The judgement entry filed September 12, 2019 adopting the magistrate's decision was a final judgment

{¶ 16} Without having filed an objection under Civ.R. 53(D)(3)(b), the question becomes whether the judgment entry filed September 12, 2019 is a final judgment.

{¶ 17} Appellee's complaint for eviction asserted two claims for relief. The first claim was for appellant to be evicted from appellee's property, which was dismissed on August 8, 2018 without prejudice after a hearing before the magistrate. Appellee's second claim for relief requested monetary damages totaling $12,375. This claim was bifurcated. Pursuant to an entry filed August 29, 2019, the trial court granted judgment against appellant as to liability only. Pursuant to an entry filed September 12, 2019, the trial court awarded appellee "Ø" in damages. The trial court's judgment entries filed August 8, 2018 and September 12, 2019 resolved appellee's two claims for relief as requested in his complaint.

{¶ 18} The September 12, 2019 judgment entry stated in boilerplate: "Pursuant to Rule(s) 53(D), 55 and 58 of the Ohio Rules of Civil Procedure, the court hereby directs the

Clerk of the Franklin County Municipal Court to serve upon all parties notice of this judgment and its date of entry upon the journal."

{¶ 19} As defined by Civ.R. 54(A), " '[j]udgment' as used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court." "[U]pon a decision announced * * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal." Civ.R. 58(A)(1). Within three days of entering the judgment, the clerk shall serve the parties in accord with the rules and note service upon the docket. Civ.R. 58(B). Here, the judgment entry was signed by a judge on September 11, 2019 and filed and journalized September 12, 2019. The record reflects the clerk of court sent a "notice of court order" to appellee and appellant with a copy of the order attached by ordinary U.S. mail on September 13, 2019.

{¶ 20} For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). Similarly, "[a] judgment is the final determination of a court of competent jurisdiction upon matters submitted to it." *State ex rel. Curran v. Brookes*, 142 Ohio St. 107 (1943), paragraph two of the syllabus. "A final judgment is one which determines the merits of the case and makes an end to it." *Id.* at 110. Upon the filing of the judgment entry on September 12, 2019, appellee did not have any pending claims for relief.

{¶ 21} Therefore, this court finds the judgment entry filed September 12, 2019 was a final judgment in the matter at bar.

### 3. **Appellee failed to seek relief from judgment pursuant to Civ.R. 60(B) and 59**

{¶ 22} The Ohio Rules of Civil procedure provide two remedies by which a party may address relief post-judgment: Civ.R. 60(B), motion for relief from judgment, and Civ.R. 59, motion for new trial.

{¶ 23} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

Appellee's motions filed November 5, 2019 do not state language reflective of Civ.R. 60(B) relief, therefore, this court cannot find appellee appropriately sought relief from judgment.

{¶ 24} Civ.R. 59(A) provides:

A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(1)Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7) The judgment is contrary to law;

(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

Motions for new trial are required to be filed within 28 days of the judgment entry. Civ.R. 59(B). Appellee's motions were filed on November 5, 2019, more than 28 days after the September 12, 2019 judgment entry was filed. Appellee's November 5, 2019 motions do not allege any of the bases enumerated in Civ.R. 59(A)(1) through (9), nor do they allege good cause. Appellee did not present evidence or testimony in the hearing before the magistrate on November 21, 2019 requesting relief from judgment pursuant to Civ.R. 60(B) or 59 related to the September 12, 2019 judgment entry.[2]

{¶ 25} Therefore, this court finds that appellant failed to request relief from judgment pursuant to Civ.R. 60(B) or 59.

**4. The trial court's November 22, 2019 judgment entry is a nullity**

{¶ 26} On July 11, 2018, appellee filed a complaint for eviction requesting two claims for relief. As noted above, appellee's first claim for relief was dismissed by judgment entry filed August 8, 2018. Appellee's second claim for relief was granted as to liability only, and then in the September 12, 2019 judgment entry the trial court ultimately awarded judgment in favor of appellee in the amount of "Ø," thereby extinguishing all claims by appellee for relief before the trial court.

{¶ 27} "[T]he Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). In *Pitts*, the Supreme Court of Ohio held that a motion for

---

[2] In recognizing that these rules provide a mechanism to seek relief from final judgment, we do not imply that any of the cited motions were appropriate or would have been successful.

reconsideration filed after a final judgment was rendered was a legal fiction and any ruling upon such a motion would be rendered a nullity. *Id.* at 381. This court held " 'untimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity.' " *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 15 (10th Dist.), quoting *Murray v. Goldfinger*, 2d Dist. No. 19433, 2003-Ohio-459, ¶ 5, citing *Pitts* at 379.

{¶ 28} As the motion for reconsideration in *Pitts* was a legal fiction, so too were the motion to reinstate and third motion for default judgment which appellee filed after the September 12, 2019 final judgment. The trial court's ruling on the motions was a nullity. *See Perritt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 03AP-1008, 2004-Ohio-4706, ¶ 12-14 (finding the trial court's ruling on a motion for reconsideration to be a nullity as its prior ruling on a summary judgment motion was a final appealable order, and therefore "[n]ecessarily, then, the trial court lacked jurisdiction to continue issuing judgments in this matter").

{¶ 29} Accordingly, for the reasons outlined above, we sustain appellant's first assignment of error.

### B. Second Assignment of Error: The trial court erred when it granted judgment to appellee where appellant was not served with the motions that resulted in a hearing being set nor notice of the new court date.

{¶ 30} Because our resolution of the first assignment of error is dispositive, it is not necessary for us to determine whether the trial court erred in entering the November 22, 2019 judgment entry where appellant was not served with the motion to reinstate and third motion for default judgment.

{¶ 31} Accordingly, the second assignment of error is rendered moot.

## IV. Conclusion

{¶ 32} The trial court's judgment entry filed on September 12, 2019 was a final judgment, extinguishing appellee's claims against appellant. Thereafter, the trial court's ruling on the motion to reinstate and third motion for default judgment was a nullity. Accordingly, we sustain appellant's first assignment of error and render the second

assignment of error moot. We reverse the November 22, 2019 judgment of the Franklin County Municipal Court and remand the matter to that court to vacate the same.

*Judgment reversed*
*and cause remanded.*

SADLER and LUPER SCHUSTER, JJ., concur.

————————————