[Cite as *J.C. v. A.M.*, 2024-Ohio-5664.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| [J.C.], | : | | |
|     Petitioner-Appellee, | : | No. 24AP-174 | |
| | | (C.P.C. No. 23CV-5509) | |
| v. | : | | |
| | | (REGULAR CALENDAR) | |
| [A.M.], | : | | |
|     Respondent-Appellant. | : | | |

---

D E C I S I O N

Rendered on December 3, 2024

---

**On brief:** *Clement W. Pyles*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Respondent-appellant, A.M., appeals an order of the Franklin County Court of Common Pleas denying her motion for relief from judgment and overruling her objections to the magistrate's decision. For the reasons below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 4, 2023, petitioner-appellee, J.C., filed a petition for a civil stalking protection order ("CSPO") against A.M. and received an ex parte order that day. A full evidentiary hearing was scheduled for August 8, 2023.

{¶ 3} The Franklin County Sheriff personally served A.M. with the ex parte CSPO at her residence on August 7, 2023. The order contained the date, time, and location of the full hearing.

{¶ 4} J.C. appeared at the August 8, 2023 hearing with counsel; A.M. did not appear. On August 11, 2023, the trial court issued a five-year CSPO against A.M.

{¶ 5} On August 16, 2023, A.M. filed a response to the allegations in the petition. On August 22, 2023, A.M. filed a motion to terminate the CSPO, and a hearing was set for

September 26, 2023. Both parties appeared at the hearing and agreed to vacate the CSPO and enter into a consent protection order. The magistrate recommended that the CSPO be vacated and A.M.'s motion to terminate the CSPO be found moot.

{¶ 6} On September 27, 2023, A.M. filed a motion to dismiss the consent protection order, alleging she was coerced into signing it. The magistrate determined the motions were a request to vacate the CSPO and the consent protection order pursuant to Civ.R. 60(B) for a new hearing on the merits and set a hearing for November 1, 2023.

{¶ 7} On November 1, 2023, the parties appeared before the magistrate for an evidentiary hearing. J.C. agreed to vacate the consent protection order and the parties proceeded solely on A.M.'s motion to terminate the CSPO issued on August 11, 2023.

{¶ 8} On November 9, 2023, the magistrate found that A.M. did not establish that her failure to appear at the August 8, 2023 hearing was excusable neglect, and recommended the motion to terminate be denied. On November 14, 2023, A.M. filed objections to the magistrate's decision but did not provide a transcript in accordance with Civ.R. 53. On February 15, 2024, the trial court overruled A.M.'s objections and adopted the magistrate's decision.

{¶ 9} On March 11, 2024, A.M. filed a notice of appeal. On April 4, 2024, A.M. filed a transcript of the November 1, 2023 hearing before the magistrate.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellant assigns the following sole assignment of error for our review:

> The Trial Court erred and abused its discretion in overruling Appellant's Objections to the Magistrate's Decision and denying Appellant's motion for relief from the judgment granting a Civil Stalking Protection Order against Appellant.

## III. STANDARD OF REVIEW

{¶ 11} We review a trial court's adoption of a magistrate's decision using an abuse-of-discretion standard. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. Trial court decisions on motions for relief from judgment under Civ.R. 60(B) are reviewed on appeal for abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). "Claims of trial court error must be based on the actions taken by the trial court,

itself, rather than the magistrate's findings or proposed decision." *State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, ¶ 11 (2d Dist.).

{¶ 12} An abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Thus, reversal is appropriate only if it appears that the trial court's action was arbitrary or unreasonable. *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774.

## IV. LEGAL ANALYSIS

{¶ 13} A party may file written objections to a magistrate's decision within 14 days after the filing of the decision. Civ.R. 53(D)(3)(b)(i). Objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Civ.R. 53(D)(3)(b) imposes on the objecting party a duty to make timely, specific objections in writing, identifying any error of fact or law in the magistrate's decision. *O'Connor v. Trans World Servs., Inc.*, 10th Dist. No. 05AP-560, 2006-Ohio-2747, ¶ 8.

{¶ 14} "A party that disagrees with a magistrate's finding of fact must support an objection to the trial court with a 'transcript of all the [relevant] evidence submitted to the magistrate' * * * and then ensure the transcript * * * is included in the appellate record for review." *Franklin Cty. Children Servs. v. Copley*, 10th Dist. No. 22AP-159, 2022-Ohio-3406, ¶ 12, quoting Civ.R. 53(D)(3)(b)(iii); App.R. 9(B)(1). The transcript or affidavit must be filed with the trial court within 30 days of filing objections. Civ.R. 53(D)(3)(b)(iii).

{¶ 15} When an objecting party fails to support a challenge to a magistrate's finding of fact with a transcript, the trial court is required to accept the magistrate's factual findings as true, without further consideration of the objections, and it may review only the legal conclusions the magistrate drew from those facts. *Bahgat v. Kissling*, 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 21. Appellate court review is limited to whether the trial court's application of the law to the factual findings was an abuse of discretion. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728 (1995). "Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 5.

{¶ 16} A.M. filed a one-page document with several grounds as her objections. The list focused on inaccuracies of testimony, determinations of credibility, statements the

magistrate is alleged to have made to her, whether a full hearing occurred, and whether the evidence supports the granting of the CSPO.

{¶ 17} A.M. presented factual arguments in her objections to the trial court, but we are unable to review them because she did not provide the trial court with a transcript of the magistrate's hearing, or an affidavit of that evidence. *Black v. Columbus Sports Network, L.L.C.*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607.

{¶ 18} We note that on April 4, 2024, A.M. filed a "transcript of proceedings" in the trial court, which consisted entirely of the transcript of the November 1, 2023 evidentiary hearing before the magistrate. A.M. filed her notice of appeal on March 11, 2024.

{¶ 19} On appeal, we must ignore a transcript that was not timely provided to the trial court. *Kormanik, Guardian v. HSBC Mtge., Inc.*, 10th Dist. No. 12AP-18, 2012-Ohio-5975. When an objecting party fails to file a transcript or affidavit of evidence with the trial court in accordance with Civ.R. 53, but files the transcript after an appeal has been filed, the appellate court is precluded from considering the transcript of the hearing. *Chippewa Twp. Trustees*; *see Williams v. Gray Guy Group, L.L.C.*, 10th Dist. No. 16AP-321, 2016-Ohio-8499 (this court is precluded from considering the transcript when defendants failed to file a transcript with their objections to a magistrate's recommendations, but filed a transcript after the court overruled the objections and adopted the magistrate's decision).

{¶ 20} The record reflects the trial court reviewed the record before it and properly overruled A.M.'s objections. There is nothing on the face of the magistrate's decision that indicates the trial court abused its discretion in applying the applicable law to the magistrate's findings of fact. *In re Adoption of S.J.M.H.*, 1st Dist. No. C-130683, 2014-Ohio-3565.

{¶ 21} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶ 22}** The trial court denied A.M.'s motion for relief from judgment because she failed to satisfy the second prong of the *GTE* test, which requires her to establish that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). A.M. asserts that she is entitled to relief under Civ.R. 60(B)(1) due to "excusable neglect." (A.M.'s Brief at 10.) In determining whether neglect is "excusable," we must consider all of the surrounding facts and circumstances. *Boston v. Parks-Boston*, 10th Dist. No. 02AP-1031, 2003-Ohio-4263. "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply," and is generally defined in the negative. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996).

**{¶ 23}** We have held that a party's failure to act is not excusable neglect if it can be viewed as a " 'complete disregard for the judicial system.' " *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 14AP-640, 2015-Ohio-1368, ¶ 11, quoting *GTE Automatic Elec.* at 153. "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980), quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978). Excusable neglect is not present if the party could have prevented the circumstances from occurring. *Porter, Wright, Morris & Arthur, L.L.P. v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 22.

**{¶ 24}** A.M. maintains that the trial court abused its discretion in denying her motion for relief from judgment. A.M. argues that her failure to attend the hearing was due to a conflicting medical appointment that day. However, she also contends that the deputy sheriff who served her with the CSPO documents told her she did not have to appear at the hearing. A.M. admitted that she did not read the entire CSPO before she shredded the document. In a December 20, 2023, filing she states that she watched the hearing.

**{¶ 25}** The record reflects that A.M. had both knowledge and actual notice of the hearing date and did not make any attempt to contact the court about the hearing. A.M. failed to demonstrate any unique circumstances sufficient to support a finding of excusable neglect.

{¶ 26} Therefore, we cannot say that the trial court abused its discretion by denying A.M.'s motion for relief from judgment. The trial court correctly applied the law to the facts. We find that from our limited view of the record, A.M is unable to demonstrate any claimed error with the magistrate's decision.

{¶ 27} For the foregoing reasons, the trial court did not abuse its discretion in overruling A.M.'s objections and denying her motion for relief from judgment. A.M.'s assignment of error is without merit and is hereby overruled.

## V. CONCLUSION

{¶ 28} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

_____