[Cite as *In re Adoption of J.H.J.*, 2025-Ohio-848.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| In the Matter of: | | |
| the Adoption of J.H.J. | : | No. 24AP-397 |
| | | (Prob. No. 604042) |
| [S.J.C., Father, | : | |
| | | (REGULAR CALENDAR) |
| Appellant.] | : | |
| | : | |

———————————

D E C I S I O N

Rendered on March 13, 2025

———————————

**On brief**: *Alana Van Gundy* for appellant.

**On brief**: *Alison Boggs* for appellees.

———————————

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

EDELSTEIN, J.

{¶ 1}  Respondent-appellant, S.J.C. ("birth father"), appeals from an entry of the Franklin County Court of Common Pleas, Probate Division, entering a final decree of adoption allowing petitioners-appellees, V.M.K.-J. and C.J., to adopt the minor child, J.H.J., and changing the child's name.  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  On May 15, 2020, appellees filed a petition pursuant to R.C. 3107.05 for adoption of J.H.J.[1], who was born on October 1, 2016.  The petition also included a request

---

[1] We refer to the minor child as J.H.J. throughout this decision as the child's name has already been legally changed through the proceedings in the probate court.

to change the child's name to J.H.J. Appellees identified birth father and S.A.-M.C. as J.H.J.'s biological parents, and appellees alleged consent from the parents was not required for the adoption because the parents had failed without justifiable cause to provide more than de minimis contact with J.H.J. for a period of at least one year immediately preceding the filing of the adoption petition. Birth father opposed the adoption petition.

{¶ 3} On October 23, 2023, a magistrate conducted a hearing to determine both whether consent was required and whether the adoption was in the best interest of the child. Following the hearing, in a March 8, 2024 magistrate's decision, the magistrate determined birth father failed to meet his burden of production to demonstrate his failure to have more than de minimis contact with J.H.J. in the year prior to the filing of the adoption petition was justifiable. (Mag.'s Decision at 16.) The magistrate additionally found the appellees demonstrated, by clear and convincing evidence, that birth father's failure to have more than de minimis contact with J.H.J. in the year preceding the filing of the adoption petition was not justifiable. (Mag.'s Decision at 16.)

{¶ 4} In reaching its decision, the magistrate made findings of fact and conclusions of law. In relevant part, the magistrate found J.H.J. never lived with either of his birth parents and has been in the legal custody of V.M.K.-J. since July 5, 2018. (Mag.'s Decision at 4.) The legal custody order included V.M.K.-J.'s address, and her address has remained the same from the time she obtained legal custody of J.H.J. through the pendency of the adoption proceedings. (Mag.'s Decision at 4, 8.) Birth father has been incarcerated since September 26, 2017 and is serving a ten-year prison sentence with an expected release in "late 2027." (Mag.'s Decision at 6.) Birth father has not seen J.H.J. since he began his incarceration. (Mag.'s Decision at 6.) In the year immediately preceding the filing of the adoption petition, birth father had only one brief phone call with J.H.J. when a relative put J.H.J. on the phone. (Mag.'s Decision at 6.) Birth father did not write any letters or send any cards to J.H.J. during this time. (Mag.'s Decision at 6.) During this same period, birth father had regular communication with his mother. (Mag.'s Decision at 6-7.) His mother visited with J.H.J. twice a month during this period and provided him updates about J.H.J. (Mag.'s Decision at 7.)

{¶ 5} From these findings of fact, the magistrate concluded birth father made no efforts to communicate with J.H.J. himself despite knowing his mother had regular contact

with J.H.J.  (Mag.'s Decision at 16.)  Birth father had access to appellees' address through the prior case files related to legal custody of J.H.J. but did not send or attempt to send any cards or letters to J.H.J. during the statutory lookback period.  (Mag.'s Decision at 16.)  The magistrate deemed the one phone call during the statutory lookback period "de minimis at best."  (Mag.'s Decision at 16.)  Thus, the magistrate concluded birth father's failure to have more than de minimis contact with J.H.J. in the one year preceding the filing of the adoption petition was not justifiable, and, therefore, birth father's consent to the adoption was not required pursuant to R.C. 3107.07(A).  (Mag.'s Decision at 16.)  The magistrate additionally concluded granting the adoption petition was in J.H.J.'s best interest.  (Mag.'s Decision at 19.)

{¶ 6}  Birth father neither filed timely objections to the magistrate's decision nor filed a transcript of the proceedings before the magistrate with the trial court.  In an April 9, 2024 entry, the trial court adopted the magistrate's decision, finding birth father's consent was not required for the adoption and granting the petition for adoption was in J.H.J.'s best interest.  The next day, April 10, 2024, the trial court issued a final decree of adoption granting the petition for adoption and changing the child's name to J.H.J.

{¶ 7}  On April 11, 2024, after the trial court's adoption of the magistrate's decision, birth father filed pro se handwritten objections to the magistrate's decision.  The next day, on April 12, 2024, counsel for birth father filed a motion for leave to file objections to the magistrate's decision.  The trial court denied the motion for leave to file objections in an April 23, 2024 entry.  Birth father timely appeals.

## II.  Assignments of Error

{¶ 8}  Birth father raises the following three assignments of error for our review:

> [I.]  The trial court erred when it found the consent of [birth] father was not required under R.C. 3107.07(A).
>
> [II.]  Because the court erred when it found the consent of [birth] father was not required, it erred when it considered the best interest factors.
>
> [III.] The court erred when it denied [birth] father leave to file objections.

### III. First Assignment of Error–Consent

{¶ 9}   In his first assignment of error, birth father argues the trial court erred in finding his consent to the adoption was not required under R.C. 3107.07(A).

{¶ 10}  An adoption proceeding under Ohio law consists of both a consent phase and a best-interest phase. *In re Adoption of Z.B.*, 2024-Ohio-4644, ¶ 18 (10th Dist.).  R.C. 3107.06 requires written parental consent before a court may grant an adoption petition. *Id.*  Under certain circumstances, however, the consent of a natural parent to the adoption of their child is not required.  *In re A.K.*, 2022-Ohio-350, ¶ 4, citing R.C. 3107.07(A). "[C]onsent is not required if the court finds by clear and convincing evidence that the parent has failed, with no justifiable cause, to have more than de minimis contact with the child for at least one year immediately preceding the filing of the adoption petition or the minor's placement in the home of the petitioner."  *Id.*, citing R.C. 3107.07(A); *Z.B.* at ¶ 18.  Clear and convincing evidence is the measure or degree of proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.  Clear and convincing evidence requires more than a mere preponderance of the evidence but does not require proof beyond a reasonable doubt as in criminal cases.  *Id.*  The function of R.C. 3107.07(A) is only to determine whether the adoption proceedings may proceed without the consent of the parent.  *A.K.* at ¶ 12, citing *In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209 (3d Dist. 1986).  Where a court determines parental consent is not required under R.C. 3107.07(A), the court must still determine whether the adoption is in the best interest of the child.  *Id.*, citing *Jorgensen* at 209; *Z.B.* at ¶ 19.

{¶ 11}  The application of R.C. 3107.07(A) involves a two-step analysis, and each step is subject to a different standard of review.  *In re Adoption of K.A.H.*, 2015-Ohio-1971, ¶ 7 (10th Dist.), citing *In re Adoption of M.B.*, 2012-Ohio-236, ¶ 23.  *See also M.B.* at ¶ 3 (recognizing the "dual standard of review" applicable to determinations under R.C. 3107.07(A)).  "The first step involves the factual question of whether the petitioner has proved by clear and convincing evidence that the parent willfully failed to have more than de minimis contact with the minor child [and failed to provide maintenance and support]." *In re Adoption of N.T.R.*, 2017-Ohio-265, ¶ 10 (10th Dist.), citing *M.B.* at ¶ 21, and R.C.

3107.07(A). In connection with the first step of the analysis, an appellate court reviews the trial court's factual determinations for an abuse of discretion. *Id.*, quoting *M.B.* at ¶ 25. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27.

{¶ 12} If the trial court finds the parent failed to have more than de minimis contact and failed to provide maintenance and support for the child, the trial court moves to the second step of the analysis and determines whether justifiable cause for the failure exists. *N.T.R.* at ¶ 11, citing *M.B.* at ¶ 23. An appellate court will not disturb the trial court's justifiable cause determination unless it is against the manifest weight of the evidence. *Id.*, citing *M.B.* at ¶ 24, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163 (1986), paragraph two of the syllabus. The manifest weight of the evidence concerns the effect of the evidence in inducing belief. *In re Z.C.*, 2023-Ohio-4703, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When reviewing for manifest weight, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Z.C.* at ¶ 14, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21.

{¶ 13} Here, the magistrate determined birth father's consent was not required under R.C. 3107.07(A) because he failed, without justifiable cause, to have more than de minimis contact with J.H.J. for the period of one year prior to the filing of the adoption petition. (Mag's Decision at 16.) Birth father argues under his first assignment of error that the trial court erred in finding he lacked justifiable cause for his failure to have more than de minimis contact with J.H.J. However, birth father did not file timely objections to the magistrate's decision regarding consent. Civ.R. 53(D)(3)(b)(iv) states, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, we review the trial court's adoption of the consent determination in this case for plain error. *In re L.C.C.*, 2018-Ohio-4617, ¶ 50 (10th Dist.), citing *PHH Mtge. Corp. v. Santiago*, 2012-Ohio-942, ¶ 8 (10th Dist.).

{¶ 14} "A ' "plain error" is one that is "obvious and prejudicial although neither objected to nor affirmatively waived." ' " *Woodbury Garden Homes v. Davis*, 2024-Ohio-3414, ¶ 6 (10th Dist.), quoting *In re J.L.*, 2016-Ohio-2858, ¶ 60 (10th Dist.), quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). In a civil proceeding, plain error is limited to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material, adverse effect on the character of, and public confidence in, judicial proceedings." *In re Moore*, 2005-Ohio-747, ¶ 8 (10th Dist.), citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997). " 'Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *In re M.A.*, 2021-Ohio-1078, ¶ 18 (10th Dist.), quoting *Tucker v. Hines*, 2020-Ohio-1086, ¶ 7 (10th Dist.), citing *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995).

{¶ 15} We note that birth father did not file in the trial court a transcript of the hearing before the magistrate. "This court has stated that '[o]n appeal, we must ignore a transcript that was not timely provided to the trial court.' " *Moore v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-6109, ¶ 18 (10th Dist.), quoting *J.C. v. A.M.*, 2024-Ohio-5664, ¶ 19 (10th Dist.). " 'When an objecting party fails to file a transcript or affidavit of evidence with the trial court in accordance with Civ.R. 53, but files the transcript after an appeal has been filed, the appellate court is precluded from considering the transcript of the [trial].' " *Id.*, quoting *J.C.* at ¶ 19, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). *See also Reproductive Gynecology, Inc. v. Wu*, 2023-Ohio-2557, ¶ 17 (10th Dist.), quoting *Ramsey v. Ramsey*, 2014-Ohio-1921, ¶ 18 (10th Dist.) (without a transcript or an affidavit of evidence, " 'the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts' "). Thus, because the trial court could not consider the transcript of the hearing before the magistrate, we are not able to consider the transcript of the hearing before the magistrate. *Moore* at ¶ 18.

{¶ 16} Birth father does not challenge the magistrate's individual findings of fact but asserts the trial court erred in adopting the magistrate's conclusion that he lacked justifiable cause for failing to have more than de minimis contact with J.H.J. Birth father argues his failure to have more than de minimis contact with J.H.J. was justifiable because he did not

have J.H.J.'s contact information in the year preceding the filing of the adoption petition and was not able to obtain it due to his incarceration.

{¶ 17} Incarceration alone does not constitute justifiable cause for a parent's failure to communicate and have contact with the child but instead is one factor for the court to consider. *N.T.R.*, 2017-Ohio-265 at ¶ 17, citing *In re Adoption of Z.A.-O.J.*, 2016-Ohio-3159, ¶ 27 (5th Dist.) (finding "no prohibition" to the trial court's consideration of the father's incarceration, and noting "incarceration, the underlying reason for the non-consenting parent's circumstances, and the non-consenting parent's voluntary acts are factors to consider when determining whether a parent has justifiable cause under R.C. 3107.07"). The trial court found birth father had contact with J.H.J. prior to his incarceration but he ceased to have any contact with J.H.J. once he was incarcerated except for one brief phone call when his mother was visiting J.H.J. and held the phone up to J.H.J.'s ear. Appellees lived at the same residence from the time J.H.J. was first placed in V.M.K.-J.'s custody through the time of the consent hearing. Appellees' address also appeared on the paperwork provided to birth father related to the legal custody case. Even if birth father did not have appellees' contact information at the time he was incarcerated, he did not undertake any efforts to obtain that information while incarcerated through his mother, from court documents, or from any other method. Instead, birth father made no effort to contact J.H.J. from the date of his incarceration until appellees filed the adoption petition. Though birth father disagrees with the trial court, he has not established plain error from the trial court's determination that he lacked justifiable cause for his failure to have more than de minimis contact with J.H.J.

{¶ 18} Because birth father cannot demonstrate plain error from the trial court's adoption of the magistrate's decision that his consent to the adoption was not required under R.C. 3107.07(A), we overrule birth father's first assignment of error.

## IV. Second Assignment of Error—Best Interest

{¶ 19} In his second assignment of error, birth father argues the trial court erred in engaging in the best interest analysis and, ultimately, granting the petition for adoption. Under this assignment of error, birth father does not challenge the trial court's determination that adoption was in J.H.J.'s best interest. Instead, birth father argues the

trial court erred in engaging in the best interest analysis at all because birth father's lack of consent to the adoption should have ended the inquiry.

{¶ 20} As explained above, only where a court determines a parent's consent is not required under R.C. 3107.07(A) may the court proceed to determine whether adoption is in the best interest of the child. *A.K.*, 2022-Ohio-350 at ¶ 12; *Z.B.*, 2024-Ohio-4644 at ¶ 18-19. In his brief, birth father concedes his second assignment of error is predicated on this court finding, under his first assignment of error, that the trial court erred in concluding his consent was not required under R.C. 3107.07(A). Having already determined the trial court did not err in finding birth father's consent was not required under R.C. 3107.07(A) and having overruled his first assignment of error, birth father's second assignment of error necessarily fails.

{¶ 21} Because the trial court did not err in proceeding to engage in the best interest analysis after first finding birth father's consent was not required under R.C. 3107.07(A), we overrule birth father's second assignment of error.

## V. Third Assignment of Error—Denial of Leave to File Objections

{¶ 22} In his third and final assignment of error, birth father argues the trial court erred in denying his motion for leave to file objections to the magistrate's decision.

{¶ 23} Civ.R. 53(D)(3)(b) sets forth the procedure for filing objections to a magistrate's decision and provides a party filing objections to a magistrate's decision must do so within 14 days of the filing of the decision. Civ.R. 53(D)(3)(b)(i). The rule further provides "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision." Civ.R. 53(D)(5). " 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." Civ.R. 53(D)(5). The period for a party to object to a magistrate's decision is triggered by the date of filing of the magistrate's decision and not service of the decision. *Levy v. Ivie*, 2011-Ohio-4055, ¶ 14 (10th Dist.).

{¶ 24} Here, birth father neither timely filed objections to the magistrate's decision within the 14-day time frame under Civ.R. 53(D)(3)(b) nor sought a timely extension of the period to file objections under Civ.R. 53(D)(5). Instead, on April 11, 2024, birth father filed

pro se objections 34 days after the filing of the magistrate's decision and 2 days after the trial court adopted the magistrate's decision. The next day, on April 12, 2024, counsel for birth father filed a motion for leave to file objections. The trial court denied the motion for leave on April 23, 2024, finding the motion for leave was not well taken and reiterating it had adopted the magistrate's decision on April 9, 2024 and issued a final order of adoption on April 10, 2024. Birth father argues the trial court abused its discretion in failing to grant him leave to file objections to the magistrate's decision because he did not receive a copy of the magistrate's decision through the prison mail system until after the 14-day deadline for objections had passed.

{¶ 25} Though a court is not required to consider untimely objections to a magistrate's decision, a trial court has discretion to review untimely objections *before* it enters final judgment. *Ramsey*, 2014-Ohio-1921 at ¶ 20, citing *Tomety v. Dynamic Auto Serv.*, 2010-Ohio-3699, ¶ 13 (10th Dist.); *State ex rel. Anderson v. Wilson*, 2016-Ohio-1191, ¶ 4 (10th Dist.) ("there is no provision in Civ.R. 53(D)(3)(b)(i) allowing a party to file a motion for leave to file untimely objections"). However, our court has previously concluded that "a trial court lacks jurisdiction to review untimely objections if the trial court already entered judgment on the magistrate's decision." *In re D.F., III*, 2019-Ohio-3710, ¶ 13 (10th Dist.); *Levy* at ¶ 15, quoting *Murray v. Goldfinger*, 2003-Ohio-459, ¶ 5 (2d. Dist.) ("[u]ntimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity"), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981); *Daniel v. Walder*, 2018-Ohio-3195, ¶ 17 (2d Dist.), quoting *Learning Tree Academy, LTD v. Holeyfield*, 2014-Ohio-2006, ¶ 15 (12th Dist.), fn. 2 (emphasis deleted) ("[a] court may consider untimely objections but only 'so long as the trial court has not entered a final judgment,'" and "[a]fter a trial court has entered a final judgment, the court cannot consider objections").

{¶ 26} There is no provision in the civil rules allowing a motion for reconsideration filed after a final judgment. *Bibb v. Garrett*, 2021-Ohio-1316, ¶ 27 (10th Dist.), citing *Pitts* at 380. Untimely objections to a magistrate's decision filed after a trial court enters final judgment " 'are tantamount to a motion for reconsideration, which is a nullity.' " (Further quotations and citations omitted.) *Id.*, quoting *Levy* at ¶ 15. Instead, the Ohio Rules of Civil Procedure allow a party to seek relief post-judgment through either a Civ.R. 59 motion

for new trial or a Civ.R. 60(B) motion for relief from judgment. *Id*. at ¶ 22. *See also Slepski v. Borton*, 2024-Ohio-3381, ¶ 69 (7th Dist.), quoting *Learning Tree Academy, LTD*. at ¶ 16, citing *Pitts* at 380 (the Rules of Civil Procedure permit a party to seek relief from judgment only through a Civ.R. 50(B) motion notwithstanding the verdict, a Civ.R. 59 motion for new trial, or a Civ.R. 60(B) motion for relief from judgment). Once the trial court has entered final judgment adopting the magistrate's decision, App.R. 4(A) still allows a party to appeal within 30 days of the trial court's judgment adopting the magistrate's decision. *D.F., III* at ¶ 8, quoting *Levy* at ¶ 11.

{¶ 27} Because birth father did not file timely objections to the magistrate's decision, the trial court's April 9, 2024 entry adopting the magistrate's decision and April 10, 2024 order of adoption were final, and the trial court lacked jurisdiction to rule on birth father's untimely April 11, 2024 objections or his April 12, 2024 motion for leave to file untimely objections. *See Akin v. Bushong*, 2017-Ohio-7333, ¶ 8 (10th Dist.), quoting *Levy* at ¶ 16, citing *In re J.A.M.*, 2011-Ohio-668, ¶ 15 (12th Dist.) (after the trial court has entered a final judgment, the court of appeals has no jurisdiction to review a trial court's decision purporting to " 'overrule' appellant's untimely objections and re-adopt the magistrate's decision"), and *Stamper v. Keatley*, 2004-Ohio-5430, ¶ 9 (4th Dist.) (because the trial court had already issued final judgment terminating the case, the appellate court lacked jurisdiction to review the trial court's second order purporting to dismiss the appellant's untimely objections); *D.F., III* at ¶ 9, citing *Levy* at ¶ 16 (without timely objections to the magistrate's decision, the trial court's entry adopting the magistrate's decision is a final judgment). Accordingly, the trial court's April 23, 2024 entry denying birth father leave to file objections is a nullity and, therefore, is unreviewable on appeal. *See Levy* at ¶ 16, citing *J.A.M.* at ¶ 15; *Brown v. Brown*, 2018-Ohio-4741, ¶ 9 (10th Dist.) (a trial court lacks jurisdiction to reconsider its own valid final judgment, and any such entry is a nullity and not a final appealable order); *D.F., III* at ¶ 14, quoting *Akin* at ¶ 9 (appellant's failure to file timely objections caused the trial court's judgment adopting the magistrate's decision to remain in full effect "and the trial court's later judgment on the untimely objections [is] a nullity which is 'unreviewable on appeal' ").

{¶ 28} As birth father's third assignment of error relates to the trial court's April 23, 2024 entry denying leave to file objections, we lack jurisdiction to consider his third

assignment of error. *Brown* at ¶ 9. Therefore, we dismiss birth father's third and final assignment of error. *Id.*; *D.F., III* at ¶ 14, citing *Levy* at ¶ 16.

## VI. Disposition

{¶ 29} Based on the foregoing reasons, the trial court did not err in determining birth father's consent to the adoption was not required pursuant to R.C. 3107.07(A). Having overruled birth father's first and second assignments of error and having dismissed birth father's third assignment of error for lack of jurisdiction, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

DORRIAN and DINGUS, JJ., concur.